**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Sabrina Shafer,** | Bankruptcy No. 24-07714 |
| Debtor. | Hon. Deborah L. Thorne |

**NOTICE OF DEBTOR'S MOTION FOR ORDER
AUTHORIZING PAYMENT OF RETAINER TO ALSTON &
BIRD, LLP PURSUANT TO 11 U.S.C. 363(b), AND TO SHORTEN NOTICE**

To: See attached Service List:

**PLEASE TAKE NOTICE** that on July 17, 2024 at 9:15 a.m., I will appear before the Honorable Deborah L. Thorne, or any judge sitting in her place, **either** in courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, **or** electronically as described below, and present the **Motion for Order Authorizing Payment of Retainer to Alston & Bird, LLP Pursuant to 11 U.S.C. 363(b), and to Shorten Notice**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID.
**To appear by Zoom using a telephone,** call Zoom for Government at 1-669- 254-5252 or 1-646-828-7666. Then enter the meeting ID.

**Meeting ID and password.** The meeting ID for this hearing is 160 9362 1728 – no password required. The meeting ID and other information can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: July 8, 2024 By: */s/ Justin R. Storer*

Justin R. Storer (ARDC 6293889)
**FACTORLAW**
105 W. Madison Street, Suite 2300
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com

# CERTIFICATE OF SERVICE

I, Justin R. Storer, an attorney,

☒ an attorney, certify

—or—

☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on July 8, 2024.

*/s/ Justin R. Storer*

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| **Patrick S. Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **Marilyn O. Marshall** | courtdocs@chi13.com |
| **David Newby** | dnewby@momkus.com |

**Non-Registrants**
(Service via U.S. Mail)

*See attached list.*

Bank of America
100 North Tryon Street
Charlotte, NC 28255-0001

(p)ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
PO BOX 19035
SPRINGFIELD IL 62794-9035

Alston and Bird
560 Mission Street
Suite 2100
San Francisco, CA 94105-0912

Magna Trial Graphix
PO Box 822804
Philadelphia, PA 19182-2804

Rick Snyder
3000 Jonathon Lane
Woodstock, IL 60098-2328

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Stephen A. Dennis
Thoits Law
400 Main St., Suite 250
Los Altos, CA 94022-2842

Turner Boyd Seraphine
155 Bovet road
San Mateo, CA 94402-3158

Skyline ATS
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3489

Sabrina Shafer
545 W Belden Ave. #1F
Chicago, IL 60614-7545

Wells Fargo Bank Small Business Lending Divi
PO Box 29482 MAC S4101-08C
Phoenix, AZ 85038-9482

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br>**Sabrina Shafer,**<br><br>                    Debtor. | Chapter 13<br><br>Bankruptcy No. 24-07714<br><br>Hon. Deborah L. Thorne |

### MOTION FOR ORDER AUTHORIZING PAYMENT OF POSTPETITION RETAINER TO ALSTON & BIRD, LLP PURSUANT TO 11 U.S.C. 363(b), AND TO SHORTEN NOTICE

Now comes Sabrina Shafer, the debtor in the above-captioned case (the "**Debtor**"), requesting entry of an order from this Court authorizing her, but not directing her, to pay a $125,000.00 retainer to Alston & Bird, LLP ("**Alston**"), pursuant to 11 U.S.C. 363(b) and, to the extent necessary, 328(a) and 105(a), as set forth herein, and to shorten notice. In support of this Motion and the entry of the appended order, the Debtor states as follows:

### BACKGROUND

1.  As detailed in a prior motion for relief from the automatic stay to allow appeals to proceed (see dkt. 8 in this case), the Debtor and her former employer, Skyline Advanced Technology Services, were at litigation prior to the commencement of the Debtor's bankruptcy case.

2.  The Debtor requires legal assistance to represent her in two appeals arising from that litigation. Both of these matters are known as *Skyline Advanced Technology Services v. Shafer*, and are cases 0:2024-cv-01377 and 0:2024-cv-03240 at the United States Court of Appeals for the Ninth Circuit.

3. This Court has, on the Debtor's motion, granted relief from the automatic stay to allow these appeals to proceed.

4. The disposition of these appeals will resolve a significant claim against the estate.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

5. The Debtor requests authority to pay Alston a retainer of $125,000.00, in comport with the engagement agreement annexed to this motion as its **Exhibit A**.

6. The Debtor's cash on hand, as well as her postpetition income from operation of her businesses, are property of her bankruptcy estate (11 U.S.C. 541(a), 1306(a)); the Debtor, as such, seeks authority to use this property of the estate out of the ordinary course of business, to wit, to make the payment of the retainer to Alston.

7. Pursuant to 11 U.S.C. 363(b)(1), (made applicable to debtors in chapter 13 by 11 U.S.C. 1303), the debtor, after notice and a hearing, may use property of the estate other than in the ordinary course of business.

8. "Nothing in the Code prohibits a [...] debtor from providing its chosen professional with a postpetition retainer; indeed, the Code supports it." *In re Golden Fleece Beverages, Inc.*, No. 21 B 12228, 2021 WL 6015422, at *3 (Bankr. N.D. Ill. Nov. 24, 2021).

9. The Debtor has cash on hand sufficient to make payment of the $125,000.00 retainer figure. The Debtor submits that authority to retain Alston,

2

pursuant to 11 U.S.C. 328(a), is not necessary, as that provision is bounded in its application to trustees and debtors-in-possession, and the Debtor is neither of those entities.

10. Finally, under 11 U.S.C. 105(a), this Court has authority to enter any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code, and her pursuit of the appeal is both necessary and appropriate, to liquidate the value of Skyline's claim, and for other reasons.

11. On a more concrete level, the Debtor believes that her chapter 13 plan, when confirmed, would see its floor set by the Debtor's need to satisfy the "best interests of creditors" test (11 U.S.C. 1325(a)(4)), and the Debtor avers that the plan would not be rendered unfeasible by making this payment to Alston.

## NOTICE

12. The Debtor recognizes that Federal Rule of Bankruptcy Procedure 2002(a)(2) provides that 21 days' notice to parties in interest is appropriate when considering the proposed use, sale, or lease of property other than in the ordinary course of business, unless the Court for cause shown shortens the time or directs another method of giving notice. Such cause is shown here:

13. The Debtor's appellee's brief in one case, and Skyline's in the other, are both currently due on July 31, 2024. Settlement discussions have commenced, but given the state of affairs and uncertainty regarding settlement, and given that no creditor would suffer harm based on the Debtor's payment of the retainer to Alston, the Debtor submits that the retainer, which would enable Alston to proceed on the

3

Debtor's behalf, is a necessary component for the Debtor's effective representation, and cause is shown to shorten the notice to that given.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Debtor to pay Alston a retainer of $125,000.00, and such further relief as this Court deems appropriate.

Dated: July 8, 2024                             Sabrina Shafer,

                                                By: /s/ Justin R. Storer

Justin R. Storer (ARDC 6293889)
**FACTORLAW**
105 W. Madison Street, Suite 2300
Chicago, IL 60602
Tel:    (312) 373-7226
Fax:    (847) 574-8233
Email: jstorer@wfactorlaw.com

4