Form G-3 (20240417)

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION          DIVISION

In re: Sabrina Shafer                    )    Chapter 13
                                         )
                                         )    No. 24-07714
                                         )
        Debtor(s)                        )    Judge Deborah L. Thorne

### NOTICE OF MOTION

TO: See attached list

     PLEASE TAKE NOTICE that on July 24, 2024 _____, at _9:15_ a.m. , I will appear before the Honorable _Deborah L. Thorne_____, or any judge sitting in that judge's place, **either** in courtroom _682_ of the Everett McKinley Dirksen United States Courthouse , 219 S. Dearborn Street, Chicago, IL 60604 . **or** electronically as described below, and present the motion of _Creditor, Skyline Advanced Technology Services_____ [to/for] _Motion to Obtain Discovery including an Examination_ , a copy of which is attached. From Sabrina Shafer and Entities She Owns or Controls Under Rule 2004.

     **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

     **To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

     **To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

     **Meeting ID and passcode.** The meeting ID for this hearing is _160 9362 1728_ , and the passcode is _____n/a_____. The meeting ID and passcode can also be found on the judge's page on the court's web site.

     **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: _____

Momkus LLP
David A. Newby
1001 Warrenville Rd., Suite 500
Lisle, Il 60532 / 630-434-0400
dnewby@momkus.com
ARDC No.: 6191580

## CERTIFICATE OF SERVICE

I, Cynthia Bednarski _____,

☐ an attorney, certify

    - or -

☒ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on July 11, 2024 _____, at 5:00 _____ p.m.    *

[Signature]

*All applicable boxes must be checked and all blanks filled in.

**United States Bankruptcy Court**
**Northern District of Illinois**
**Eastern Division**

**In Re**

| | | |
|---|---|---|
| Sabrina Shafer, | ) | Chapter 13 |
| | ) | |
| Debtor, | ) | Case No.: 24-07714 |
| | ) | |
| | ) | Honorable Deborah L. Thorne |
| | ) | Hearing Date: July 10, 2024 |
| | ) | Hearing time: 9:15 a.m. |

**SERVICE LIST**

Patrick S Layng
Office of the U.S. Trustee - Region 11
USTPRegion11.ES.ECF@usdoj.gov
(U.S. Trustee)
**(via CM/ECF system)**

Marilyn O Marshall
courtdocs@chi13.com
(Trustee)
**(via CM/ECF system)**

**Counsel for Sabrina Shafer:**
Justin R. Storer
Law Office of William J. Factor
jstorer@wfactorlaw.com
**(via CM/ECF system)**

Sabrina Shafer
545 W. Belden Avenue #1F
Chicago, IL 60614
**Via regular mail**

Breaking Autism Inc.
c/o Sabrina Shafer R/A
1146 Pine Oaks Circle
Lake Forest, IL 60045
**Via regular mail**

Transformation Continuum LLC
c/o United States Corporation Agent
500 N. Michigan Avenue Suite 600
Chicago, IL 60611
**Via regular mail**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Sabrina Shafer, | ) | Case No. 24-07714 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |

### MOTION OF SKYLINE ADVANCED TECHNOLOGY SERVICES TO OBTAIN DISCOVERY, INCLUDING AN EXAMINATION, FROM SABRINA SHAFER AND ENTITIES SHE OWNS OR CONTROLS UNDER RULE 2004

Skyline Advanced Technology Services ("Skyline") moves this Court under Rules 2004 and 9014 of the Federal Rules of Bankruptcy Procedure, to enter an order granting it leave to obtain discovery, including the production of documents and oral examination, of Debtor Sabrina Shafer and entities she owns or controls, including but not limited to Breaking Autism, Inc. and Transformation Continuum LLC. In support of its motion, Skyline states as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), (J), and (O). The basis for the relief requested is Fed. R. Bankr. P. 2004.

### BACKGROUND

2.    Prior to filing her Chapter 13 petition, Debtor was employed by Skyline from February 2016 to September 18, 2018, when her employment was terminated for inappropriate conduct. On October 31, 2018, Skyline filed a seven-count complaint, in the U.S. District Court for the Northern District of California (the "District Court") (Case No. 18-cv-06641-CRB), against Debtor for breach of contract, breach of fiduciary duty, breach of loyalty, fraudulent

misrepresentation, negligent misrepresentation, and conversion. (the "Skyline Litigation") A copy of the complaint is attached hereto as Exhibit A. Two months later, Debtor filed suit against Skyline in the same court (Case No. 19-cv-00787-CRB) for allegedly failing to pay commissions earned before she was terminated and for defamation.

3.      During the Skyline Litigation, the District Court found that Debtor acted in bad faith by destroying evidence, resulting in a finding of willful spoilation. Attached hereto as Exhibit B is a copy of the Report and Recommendation on Motion for Evidentiary and Monetary Sanction and attached hereto as Exhibit C is a copy of the Order Adopting Report and Recommendations. As a result of Debtor's bad faith destruction of evidence, the District Court dismissed the case she filed against Skyline, granted Skyline attorney fees, and imposed an adverse inference instruction against Debtor with respect to evidence she destroyed.

4.      A bench trial in the Skyline Litigation commenced on February 5, 2024, and ended February 6, 2024.

5.      At the conclusion of the trial, the District Court entered a judgment against Debtor in the amount of $745,061.53.[1] Additionally, the District Court, cognizant of the fact that the Debtor is a licensed attorney, entered an order notifying the Attorney Registration & Disciplinary Commission of the Supreme Court of Illinois, stating, in part, that:

> Both this Court and Magistrate Judge Illman have found that Defendant Sabrina Shafer engaged in unethical and dishonest conduct during the pendency of the above-entitled case. Ms. Shafer's conduct included bad faith and willful evidence spoliation, whereby she destroyed computer hard drive data, text messages, and emails that would have played an important role in Plaintiff Skyline Advanced Technology Services' case against her. In addition, Ms. Shafer's behavior at her deposition was both unconscionable and uncooperative, which led the Court to find that her testimony was filled with half-

---

[1] On July 8, 2024, Debtor filed a Motion for Order Authorizing Payment of Postpetition Retainer to Alston & Bird, LLP Pursuant to 11 U.S.C. 363(b) ("Motion"). The Motion seeks Court authorization for payment of a $125,000 retainer to Alston & Bird, LLC for prosecuting an appeal of the Skyline Litigation on behalf of Debtor. Debtor's Schedule E/F, part 4.1, lists Alston & Bird, LLC as an unsecured creditor having a claim in the amount of $1,200,000.00, which presumably relates to fees incurred by Debtor in the Skyline litigation.

truths and outright fabrications. The Court similarly found her testimony at trial to be not credible.

6.     On May 23, 2024, Debtor filed her voluntary petition under Chapter 13 of the Bankruptcy Code, which is pending before this Court.

7.     Skyline seeks discovery, including the production of documents and oral examination, of Debtor and entities she owns or controls, including, but not limited to, Breaking Autism, Inc. and Transformation Continuum LLC, regarding her actions, conduct, debts, assets, financial condition, income, and her right to a discharge.

## ARGUMENT

9.     Bankruptcy Rule 2004 provides in pertinent part as follows:

a.  Examination on Motion:  On motion of any party in interest, the court may order the examination of any entity.

b.  Scope of Examination:  The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct or property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . .

c.  Compelling Attendance and Production of Documentary Evidence:  The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

10.     Rule 2004 examinations and document production requests are appropriate for revealing the nature and extent of the bankruptcy estate and for "discovering assets, examining transactions and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. 836, 840, (S.D.N.Y. 2002), *quoting In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000).  In this regard, courts have recognized that Rule 2004 examinations are broad and unfettered. *Enron* at 840; *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y, 1996): Bankruptcy Rule 2004 can be used, among other things, to determine whether grounds exist to commence an action, to discover assets, and to investigate fraud. *In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432

3

(S.D.N.Y., 1993), *aff'd* 17 F.3d 600 (2d Cir. 1994); *In re Table Talk Inc.*, 51 B.R. 143 (Bankr. D. Mass. 1985). The scope of a Rule 2004 examination is so broad, in fact, it "can legitimately be in the nature of a fishing expedition." *In re Whilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

11.    The subject matter of Skyline's examination of Debtor and entities owned or controlled by her falls within the broad scope of discovery authorized by Rule 2004 in that it will assist in identifying Debtor's assets, liabilities, income, the feasibility of her Chapter 13 Plan, whether the Chapter 13 Plan is in the best interest of creditors, and whether Skyline has a viable challenge to the dischargeability of the judgment entered against her in the Skyline Litigation.

12.    Accordingly, the examination of Debtor and entities owned or controlled by her will yield information that will be beneficial to (i) the administration of the estate; (ii) an understanding of the acts, conduct, or property or to the liabilities and financial condition of the Debtor; and (iii) a determination of the Debtor's right to a discharge of her debts to Skylines.

## **RELIEF SOUGHT**

WHEREFORE, the Skyline respectfully requests that this Court enter an order:

a)    Authorizing the oral and written examination, including the production of documents, of Debtor Sabrina Shafer and entities she owns or controls, including but not limited to Breaking Autism and Transformation Continuum LLC., under Fed. R. Bankr. P. 2004 pursuant to subpoenas to be issued; and

b)    Providing any such further relief that this Court deems just and fair.

Respectfully submitted,
Skyline Advanced Technology Services,


By:*/s/ David A. Newby*
One of their attorneys

4

David A. Newby
William J. Costello
Momkus LLP
1001 Warrenville Rd., Ste. 500
Lisle, IL  60532
(630) 434-0400
dnewby@momkus.com
bcostello@momkus.com