Form G-3 (20230922)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN   DIVISION

In re:   Sabrina Shafer          )   Chapter  13
                                    )
                                    )   No.   24-07714
                                    )
        Debtor(s)       )   Judge  Deborah L. Thorne

### NOTICE OF MOTION

TO: See attached list

    PLEASE TAKE NOTICE that on  August 28, 2024 , at  9:15 a.m. , I will appear before the Honorable  Deborah L. Thorne , or any judge sitting in that judge's place, either in courtroom  682  of the  Dirksen Federal Building, 219 S. Dearborn Chicago, Illinois **or electronically as described below**, and present the motion of  Skyline Advanced Technololgy Services  [to/for] Motion for Extension of Time to Object to Discharge , a copy of which is attached.

    **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

    **To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

    **To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

    **Meeting ID and passcode.** The meeting ID for this hearing is  160 9362 1728 , and the passcode is  not required . The meeting ID and passcode can also be found on the judge's page on the court's web site.

    **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

        By: _____
            David A. Newby
            Attorney for Skyline Advanced Technology Services

## CERTIFICATE OF SERVICE

I, __David A. Newby_____, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on ____August 13, 2024_____, at __5:00 pm____.

_____
[Signature]

**-2-**

**United States Bankruptcy Court**
**Northern District of Illinois**
**Eastern Division**

**In Re**

| | | |
|---|---|---|
| Sabrina Shafer, | ) | Chapter 13 |
| | ) | |
| Debtor, | ) | Case No.: 24-07714 |
| | ) | |
| | ) | Honorable Deborah L. Thorne |
| | ) | Hearing Date:  August 28, 2024 |
| | ) | Hearing time:  9:15 a.m. |

**SERVICE LIST**

Patrick S Layng
Office of the U.S. Trustee - Region 11
USTPRegion11.ES.ECF@usdoj.gov
(U.S. Trustee)
**(via CM/ECF system)**

Marilyn O Marshall
courtdocs@chi13.com
(Trustee)
**(via CM/ECF system)**

**Counsel for Sabrina Shafer:**
Justin R. Storer
Law Office of William J. Factor
105 W. Madison, Ste. 2300
Chicago, IL  60602
jstorer@wfactorlaw.com
**(via CM/ECF system)**

Sabrina Shafer
545 W. Belden Avenue #1F
Chicago, IL 60614
**Via regular mail**

Breaking Autism Inc.
c/o Law Office of William J. Factor
105 W. Madison, Ste. 2300
Chicago, IL  60602
jstorer@wfactorlaw.com
**(via CM/ECF system)**

Transformation Continuum LLC
c/o United States Corporation Agent
500 N. Michigan Avenue Suite 600
Chicago, IL 60611
**Via regular mail**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**In Re**

| | | |
|---|---|---|
| Sabrina Shafer, | ) | Chapter 13 |
| | ) | |
| Debtor, | ) | Case No.: 24-07714 |
| | ) | |
| | ) | Honorable Deborah L. Thorne |
| | ) | Hearing Date: |
| | ) | Hearing time: |

### MOTION OF SKYLINE ADVANCED
### TECHNOLOGY SERVICES FOR EXTENSION OF TIME TO OBJECT TO
### DISCHARGE OR FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY

Skyline Advanced Technology Services ("Skyline") moves this Court pursuant to Rules 4004(b) and 4007(c) of the Federal Rules of Bankruptcy Procedure, to grant it an extension of time to object to Sabrina Shafer's discharge or to file a complaint to determine dischargeability in the above-captioned Chapter 13 case. In support of this motion, Skyline states as follows:

### JURISDICTION

1.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C.§§ 1408 and 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (J). The statutory predicate for the relief sought herein are Rules 4004(b) and 4007(c) of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND

2.    Prior to filing her Chapter 13 petition, Debtor was employed by Skyline from February 2016 to September 18, 2018, when her employment was terminated for inappropriate conduct. On October 31, 2018, Skyline filed a seven-count complaint, in the U.S. District Court for the Northern District of California (the "District Court") against Debtor for breach of

contract, breach of fiduciary duty, breach of loyalty, fraudulent misrepresentation, negligent

misrepresentation, and conversion. (the "Skyline Litigation"). Two months later, Debtor filed

suit against Skyline in the same court for allegedly failing to pay commissions earned before she

was terminated and for defamation.

3.      During the Skyline Litigation, the District Court found that Debtor acted in bad

faith by destroying evidence, resulting in a finding of willful spoilation. Attached hereto as

Exhibit A is a copy of the Report and Recommendation on Motion for Evidentiary and Monetary

Sanction and attached hereto as Exhibit B is a copy of the Order Adopting Report and

Recommendation. As a result of Debtor's bad faith destruction of evidence, the District Court

dismissed the complaint she filed against Skyline, granted Skyline attorneys' fees, and imposed

an adverse inference instruction against Debtor with respect to evidence she destroyed.

4.      A bench trial in the Skyline Litigation commenced on February 5, 2024, and

ended February 6, 2024.   At the conclusion of the trial, the District Court entered a judgment

against Debtor in the amount of $745,061.53 (the "Judgment").   Additionally, the District Court,

cognizant of the fact that Debtor is a licensed attorney, entered an order notifying the Attorney

Registration & Disciplinary Commission of the Supreme Court of Illinois, stating, in part, that:

> Both this Court and Magistrate Judge Illman have found that Defendant Sabrina
> Shafer engaged in unethical and dishonest conduct during the pendency of the
> above-entitled case. Ms. Shafer's conduct included bad faith and willful evidence
> spoliation, whereby she destroyed computer hard drive data, text messages, and
> emails that would have played an important role in Plaintiff Skyline Advanced
> Technology Services' case against her. In addition, Ms. Shafer's behavior at her
> deposition was both unconscionable and uncooperative, which led the Court to
> find that her testimony was filled with half- truths and outright fabrications. The
> Court similarly found her testimony at trial to be not credible.

5.      Skyline has filed an appeal of the District Court's denial of its prayer for pre-judgment interest and Debtor has filed an appeal of the Judgment generally.  This Court has modified the automatic stay to permit both appeals to proceed.

6.      On May 23, 2024, Debtor filed her voluntary petition under Chapter 13 of the Bankruptcy Code, which is pending before this Court.

7.      On July 24, 2024, the Court granted Skyline's motion seeking discovery from Debtor under Fed. R. Bankr. P. 2004.  Since that date, Skyline has issued and served subpoenas to Debtor and entities owned or controlled by her.  Those subpoenas call for the production of documents.  Skyline anticipates scheduling an oral deposition of Debtor once the documents are produced and analyzed.

## ARGUMENT

8.      The meeting of creditors under Section 341 was first set on June 20, 2024.  Accordingly, pursuant to Fed. R. Bankr. P. 4004 and 4007, the date by which complaints to determine the dischargeability of certain debts and to object to Debtor's discharge is August 19, 2024.

9.      As detailed in ¶¶ 2-4 above, the unlawful actions for which Debtor was held liable for over $700,000 included claims based on her breach of the fiduciary duty of loyalty and claims for fraud.

10.      In order to properly investigate whether Debtor's actions generated nondischargeable debts to Skyline, discovery of Debtor and perhaps other entities will have to take place. The return date on the subpoenas already issued to and served on Debtor and her affiliated entities is August 23, 2024.  Assuming Debtor's complete and timely cooperation in

- 3 -

discovery, which was unfortunately not the case in the Skyline Litigation, it will take at least 90

days beyond August 23, 2024, to complete that discovery.

11.    Pursuant to Fed. R. Bankr. P. 4007(c), "a complaint to determine the

dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set

for the meeting of creditors under § 341(a). . . . On motion of a party in interest, after hearing on

notice, the court may for cause extend the time fixed under this subdivision. The motion shall be

filed before the time has expired."

12.    Skyline asserts that it has demonstrated sufficient "cause" for an extension in that

(a) it has expeditiously sought discovery from Debtor, (b) it has a claim that is colorably

nondischargeable, and (c) there is currently pending in another jurisdiction an appeal, the results

of which could have an issue preclusion effect on the dischargeability of Debtor's debts to

Skyline. *See, e.g., In re Chatkhan,* 455 B.R. 365 (Bankr. E.D.N.Y. 2011).

13.    Skyline seeks a short extension of ninety (90) days to conduct the examination of

Debtor and third parties and to make a final determination as to whether it will file an objection

to discharge under §727 of the Code or a complaint to determine the dischargeability of certain

debts under § 523 of the Code.

## **RELIEF SOUGHT**

WHEREFORE, Skyline respectfully requests that this Court enter an order:

a.)    extending the date by which it must file a complaint to determine the

dischargeability of Debtor's debts to it or a complaint objecting to Debtor's discharge to and

including November 18, 2024, without prejudice to a further extension upon motion and cause

shown; and,

- 4 -

b.)    providing any such further relief that this Court deems just and fair.


Respectfully submitted,

Skyline Advanced Technology Services



_____
One of its attorneys

David A. Newby
Momkus LLP
1001 Warrenville Rd., Suite 500
Lisle, Il 60532 / 630-434-0400
ARDC No.:  6191580
dnewby@momkus.com