Form G-3 (20230922)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: Sabrina Shafer ) Chapter 13
)
) No. 24-07714
)
Debtor(s) ) Judge Deborah L. Thorne

### NOTICE OF MOTION

TO: See attached list

    PLEASE TAKE NOTICE that on December 4, 2024, at 9:15 a.m., I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, **either** in courtroom 682 of the Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois or electronically as described below, and present the motion of Skyline Advanced Technololgy Services [to/for] Fourth Motion for Extension of Time to Object to Confirmation, a copy of which is attached.

    **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

    **To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

    **To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

    **Meeting ID and passcode.** The meeting ID for this hearing is 160 9362 1728, and the passcode is not required. The meeting ID and passcode can also be found on the judge's page on the court's web site.

    **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: /s/ David A. Newby
David A. Newby
Attorney for Skyline Advanced Technology Services

## CERTIFICATE OF SERVICE

I, __Cynthia Bednarski__, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on November 26, 2024, at 5:00 pm.

_[Signature: Cynthia Bednarski]_
[Signature]

**United States Bankruptcy Court**
**Northern District of Illinois**
**Eastern Division**

**In Re**

|  |  |  |
|---|---|---|
| Sabrina Shafer, | ) | Chapter 13 |
|  | ) |  |
| Debtor, | ) | Case No.: 24-07714 |
|  | ) |  |
|  | ) | Honorable Deborah L. Thorne |
|  | ) | Hearing Date: December 4, 2024 |
|  | ) | Hearing time: 9:15 a.m. |

**SERVICE LIST**

**Acting U.S. Trustee:**
Adam Brief
Office of the U. S. Trustee, Region 11
**(via CM/ECF system)**

**Trustee:**
Marilyn O. Marshall
courtdocs@chi13.com
**(via CM/ECF system)**

**Counsel for Sabrina Shafer:**
Justin R. Storer
Law Office of William J. Factor
105 W. Madison, Ste. 2300
Chicago, IL 60602
jstorer@wfactorlaw.com
**(via CM/ECF system)**

Sabrina Shafer
545 W. Belden Avenue #1F
Chicago, IL 60614
**Via regular mail**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>    Sabrina Shafer,<br><br>                Debtor. | )  Chapter 13<br>)<br>)<br>)<br>)  Case No.: 24-07714<br>)  Honorable Deborah L. Thorne<br>)  Hearing date: December 4, 2024<br>)  Hearing time: 9:15 am<br>) |

### FOURTH MOTION OF SKYLINE ADVANCED TECHNOLOGY SERVICES TO EXTEND TIME TO OBJECT TO CONFIRMATION

Skyline Advanced Technology Services ("Skyline") moves this Court, under Fed. R. Bankr. P. 3015(f) and 9006(b) to further extend the time within which it must object to the confirmation of the Debtor's Chapter 13 plan. In support of its motion, Skyline states as follows:

1. On February 6, 2024, Skyline was awarded a judgment in the United States District Court for the Northern District of California against the Debtor for $745,061.53 based on, among other things, the Debtor's breaches of duties owed to Skyline. The Debtor and Skyline are pursuing appeals of different aspects of that judgment order.[1]

2. On May 23, 2024, the Debtor filed her Chapter 13 petition in this Court commencing the above-captioned bankruptcy case. On that date the Debtor also filed her Chapter 13 plan.

3. Originally, the hearing on confirmation of the plan was set for July 10, 2024. Accordingly, pursuant to Fed. R. Bankr. P. 3015(f), Skyline's objection to the plan would have

---

[1] The Debtor obtained an order of this Court on June 5, 2024, modifying the stay as to her appeal to the U.S. Court of Appeals for the Ninth Circuit. Additionally, that order provided stay relief to Skyline with respect to its own appeal from a separate order in the underlying litigation.

been due on July 3, 2024. Skyline moved the Court for an extension of time to object to the plan, which was granted by the Court on July 10, 2024, and which extended the time to object to September 3, 2024. Thereafter, Skyline moved the Court to grant additional extensions of the time to object, given that the confirmation hearing on the Debtor's plan had been continued by agreement of the Chapter 13 Trustee and the Debtor. On September 25, 2024, the Court granted Skyline's most recent motion, and extended the date for Skyline's objection to confirmation of the Debtor's plan to December 18, 2024.

4. Skyline previously obtained from this Court an order authorizing it to seek discovery from the Debtor and affiliated entities under Fed. R. Bankr. P. 2004. In accordance with that order, Skyline issued subpoenas to the Debtor and those affiliates. While a large volume of documents have been produced, the Debtor and Skyline are engaged in disputes over that production that have not yet been resolved and which might warrant the Court's intervention. Skyline will also seek to take the Debtor's deposition. This discovery is critical to Skyline's decision on objecting to the Debtor's plan.

5. This is not the typical Chapter 13 case. Indeed, had it been filed only a few days later than it was, the Debtor would not have been entitled to Chapter 13 relief because her debts would have exceeded the Chapter 13 debt limit in 11 U.S.C. § 109(e) [unsecured debts of less than $465,275]. However, the Debtor's case was filed in the last few days before the sunset of the Chapter 13 debt limit of $2,750,000. Moreover, the issues involved in the matter are complex and discovery is – and has been – a lengthy and time-consuming process. Accordingly, a lengthy extension is necessary and warranted.

6. Skyline is simultaneously seeking an identical extension of the time by which it must pursue a challenge to the Debtor's discharge. That motion is being noticed for the same date as the instant motion.

7. Counsel for the Debtor has indicated that Shafer does not object to Skyline's request.

WHEREFORE, Skyline Advanced Technology Services prays this Court extend the time within which it must file an objection to the Debtor's Chapter 13 plan to March 18, 2025, and grant such other and further relief as may be appropriate in the circumstances.

Respectfully submitted,
Skyline Advanced Technology Services

By: _____
One of its attorneys

David A. Newby
Momkus LLP
1001 Warrenville Rd., Suite 500
Lisle, Il 60532 / 630-434-0400
ARDC No.: 6191580
dnewby@momkus.com