Form G-3 (20230922)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re:  Sabrina Shafer | ) | Chapter 13 |
| | ) | |
| | ) | No. 24-07714 |
| | ) | |
| Debtor(s) | ) | Judge Deborah L. Thorne |

### NOTICE OF MOTION

TO: See attached list

    PLEASE TAKE NOTICE that on December 18, 2024, at 9:15 a.m., I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, either in courtroom 682 of the Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois or electronically as described below, and present the motion of Skyline Advanced Technololgy Services [to/for] Obtain Discovery, Including an Examination, from Alston & Bird LLP Under Rule 2004, a copy of which is attached.

    **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

    **To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

    **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

    **Meeting ID and passcode.** The meeting ID for this hearing is 160 9362 1728, and the passcode is not required. The meeting ID and passcode can also be found on the judge's page on the court's web site.

    **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: /s/ David A. Newby
David A. Newby
Attorney for Skyline Advanced Technology Services

## CERTIFICATE OF SERVICE

I, __Cynthia Bednarski__, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on __December 9, 2024__, at __5:00 pm__.

*Cynthia Bednarski*
[Signature]

**United States Bankruptcy Court**
**Northern District of Illinois**
**Eastern Division**

| | | |
|---|---|---|
| **In Re** | | |
| Sabrina Shafer, | ) | Chapter 13 |
| | ) | |
| Debtor, | ) | Case No.: 24-07714 |
| | ) | |
| | ) | Honorable Deborah L. Thorne |
| | ) | Hearing Date: December 18, 2024 |
| | ) | Hearing time: 9:15 a.m. |

**SERVICE LIST**

**Acting U.S. Trustee:**
Adam Brief
Office of the U. S. Trustee, Region 11
**(via CM/ECF system)**

**Trustee:**
Marilyn O. Marshall
courtdocs@chi13.com
**(via CM/ECF system)**

**Counsel for Sabrina Shafer:**
Justin R. Storer
Law Office of William J. Factor
105 W. Madison, Ste. 2300
Chicago, IL 60602
jstorer@wfactorlaw.com
**(via CM/ECF system)**

Sabrina Shafer
545 W. Belden Avenue #1F
Chicago, IL 60614
**Via regular mail**

Alston & Bird LLP
c/o Richard R. Hays, Esq.
One Atlantic Center
1201 W. Peachtree Street, Suite 4900
Atlanta, GA 30309
**Via regular mail**

Alston & Bird LLP
c/o Richard R. Hays, Esq
90 Park Avenue, 15th Floor
New York, NY 10016
**Via regular mail**

Alston & Bird LLP
c/o Richard R. Hays, Esq
350 S. Grand Avenue, 51st Floor
Los Angeles, CA 90071
**Via regular mail**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Sabrina Shafer, | ) | Case No. 24-07714 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |

**MOTION OF SKYLINE ADVANCED
TECHNOLOGY SERVICES TO OBTAIN DISCOVERY,
INCLUDING AN EXAMINATION, FROM ALSTON & BIRD LLP UNDER RULE 2004**

Skyline Advanced Technology Services ("Skyline") moves this Court under Rules 2004 and 9014 of the Federal Rules of Bankruptcy Procedure, to enter an order granting it leave to obtain discovery, including the production of documents and oral examination, of Creditor Alston & Bird LLP ("Alston"). In support of its motion, Skyline states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), (J), and (O). The basis for the relief requested is Fed. R. Bankr. P. 2004.

**BACKGROUND**

2. Prior to filing her Chapter 13 petition, Debtor was employed by Skyline from February 2016 to September 18, 2018, when her employment was terminated for inappropriate conduct. On October 31, 2018, Skyline filed a seven-count complaint, in the U.S. District Court for the Northern District of California (the "District Court") (Case No. 18-cv-06641-CRB), against Debtor for breach of contract, breach of fiduciary duty, breach of loyalty, fraudulent misrepresentation, negligent misrepresentation, and conversion. (the "Skyline Litigation") A copy of the complaint is attached hereto as Exhibit A. Two months later, Debtor filed suit against

Skyline in the same court (Case No. 19-cv-00787-CRB) for allegedly failing to pay commissions earned before she was terminated and for defamation.

3. During the Skyline Litigation, the District Court found that Debtor acted in bad faith by destroying evidence, resulting in a finding of willful spoilation. Attached hereto as Exhibit B is a copy of the Report and Recommendation on Motion for Evidentiary and Monetary Sanction and attached hereto as Exhibit C is a copy of the Order Adopting Report and Recommendations. As a result of Debtor's bad faith destruction of evidence, the District Court dismissed the case she filed against Skyline, granted Skyline attorney fees, and imposed an adverse inference instruction against Debtor with respect to evidence she destroyed.

4. Skyline filed a motion for partial summary judgment on October 1, 2021. Skyline sought summary judgment on liability and damages of $745,061.53. On December 14, 2021, the District Court granted summary judgment on Skyline's breach of contract and breach of the duty of loyalty claims. The Court postponed the determination of damages until trial. Debtor was not represented by Alston until after the District Court's ruling on summary judgment.

5. On October 3, 2022, Chaka Patterson, a partner with Alston, notified Skyline's counsel via email that it would be representing Debtor as trial counsel in the Skyline Litigation.

6. A bench trial in the Skyline Litigation commenced on February 5, 2024, and ended February 6, 2024. Alston represented Debtor at trial. Most of the legal work at trial, including opening and closing statements and examination of the only two percipient witnesses who testified live, was performed by a Dana Zottola, a junior lawyer from Alston who graduated from law school in 2022 and was admitted to the California State Bar on December 5, 2022, fourteen months prior to trial.

7. At the conclusion of the trial, the District Court entered a judgment against Debtor in the amount of $745,061.53 (the exact amount previously sought by Skyline in its summary judgment motion in 2021). This judgment is currently being appealed by Debtor.

8. Alston represented Debtor in the Skyline Litigation following the District Court's order on summary judgment and now represents Debtor on appeal of the judgment in favor of Skyline. Two Alston invoices comprise the total of Alston's $1.2 Million Claim (defined below). An Alston invoice for "Skyline Advanced Technology Services v. Shafer" dated June 11, 2024, for $865,216.64 provides that it covers services and costs from May 29, 2023, to March 12, 2024. Separately, an Alston invoice for "Post-Trial and Appeal" dated April 8, 2024, for $348,876.00 provides that it covers services and costs from February 7, 2024 to March 30, 2024.

9. For Skyline's claims the maximum amount of compensatory damages recoverable in the Skyline Litigation under applicable law was $745,061.53. This was the amount Skyline sought in 2021 as part of its summary judgment motion and the amount Skyline demanded for compensatory damages was never more than that after 2021.

10. On May 23, 2024, Debtor filed her voluntary petition under Chapter 13 of the Bankruptcy Code, which is pending before this Court.

11. On August 1, 2024, Alston filed a proof of claim asserting an unsecured claim of $1,220,482.39 (the "$1.2 Million Claim"). A copy of the $1.2 Million Claim is attached hereto as Exhibit D. The stated basis for the claim was "services rendered."

12. Skyline seeks discovery, including the production of documents and oral examination, of Alston concerning the claims against Debtor's estate and Debtor's ability to confirm and perform a Chapter 13 plan.

3

## ARGUMENT

13. Bankruptcy Rule 2004 provides in pertinent part as follows:

   a. <u>Examination on Motion</u>: On motion of any party in interest, the court may order the examination of any entity.

   b. <u>Scope of Examination</u>: The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct or property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . .

   c. <u>Compelling Attendance and Production of Documentary Evidence</u>: The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

14. Rule 2004 examinations and document production requests are appropriate for revealing the nature and extent of the bankruptcy estate and for "discovering assets, examining transactions and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. 836, 840, (S.D.N.Y. 2002), *quoting In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000). In this regard, courts have recognized that Rule 2004 examinations are broad and unfettered. *Enron* at 840; *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y, 1996): Bankruptcy Rule 2004 can be used, among other things, to determine whether grounds exist to commence an action, to discover assets, and to investigate fraud. *In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y., 1993), *aff'd* 17 F.3d 600 (2d Cir. 1994); *In re Table Talk Inc.*, 51 B.R. 143 (Bankr. D. Mass. 1985). The scope of a Rule 2004 examination is so broad, in fact, it "can legitimately be in the nature of a fishing expedition." *In re Whilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

15. To the extent that the $1.2 Million Claim is not allowable, the distribution scheme and confirmability of the Debtor's Chapter 13 plan will naturally be affected.

16. Although no detailed examination of Alston's claim has been undertaken thus far, the legitimacy of the $1.2 Million Claim is reasonably questionable, given the fact that the maximum exposure that the Debtor faced from the Skyline Litigation was approximately

4

$750,000 and that the Alston services were performed over a period of about 10 months (May 29, 2023 to March 30, 2024) among other things.

17. Creditors have standing to object to other creditors' claims. "A claim . . ., proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). According to the U.S. Court of Appeals for the Seventh Circuit, "Parties in interest include not only the debtor, but anyone who has a legally protected interest that could be affected by a bankruptcy proceeding. *See In re FBN Food Servs., Inc.*, 82 F.3d 1387, 1391 (7th Cir. 1996). Therefore, if one creditor files a potentially fraudulent proof of claim, other creditors have standing to object to the proof of claim." *Adair v. Sherman*, 230 F.3d 890, 894 at fn. 3 (7th Cir. 2000).

18. This principle is particularly relevant in the case of claims for unpaid attorneys' fees made by attorneys who have previously represented the debtor. The Bankruptcy Code provides for disallowance of a claim "if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services." 11 U.S.C. § 502(b)(4). This special scrutiny of attorneys' claims is justified, according to Colliers.

> Section 502(b)(4) is designed to prevent overreaching by an insider or an attorney, or over-generosity by a debtor with the debtor's assets prior to the filing of a petition. To the extent that the services rendered are given reasonable value by the court, the excess amount of the claim beyond such reasonable value fixed by the court is simply disallowed and may not, therefore, share in the distribution of the debtor's assets.

4 Collier on Bankruptcy P 502.03 at ¶ 5.

19. The $1.2 Million Claim, given its size and provenance and most importantly, its potential for reducing the distributions to other creditors or jeopardizing the confirmation of the Debtor's plan, makes an examination of Alston is necessary and appropriate. To the extent that

5

the Debtor seeks to shield attorney/client communications as privileged, Skyline will cooperate with the Debtor and Alston to eliminate genuinely privileged material.

20. Accordingly, the examination of Alston will yield information that will be beneficial to (i) the administration of the estate; (ii) an understanding of the acts, conduct, or property or to the liabilities and financial condition of the Debtor; and (iii) a determination of the Debtor's right to a discharge of her debts to Skyline.

## RELIEF SOUGHT

WHEREFORE, the Skyline respectfully requests that this Court enter an order:

a) Authorizing the oral and written examination, including the production of documents, of Alston & Bird LLP under Fed. R. Bankr. P. 2004 pursuant to **subpoenas to be issued; and**

b) Providing any such further relief that this Court deems just and fair.

Respectfully submitted,
Skyline Advanced Technology Services,

By: */s/ David A. Newby*
One of their attorneys

David A. Newby
William J. Costello
Momkus LLP
1001 Warrenville Rd., Ste. 500
Lisle, IL 60532
(630) 434-0400
dnewby@momkus.com
bcostello@momkus.com