**Fill in this information to identify the case:**

Debtor 1  Sabrina Shafer
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court  **Northern District of Illinois**
Case number: 24-07714

FILED
U.S. Bankruptcy Court
Northern District of Illinois
8/1/2024
Jeffrey P. Allsteadt, Clerk

## Official Form 410
## Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Alston & Bird LLP
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Alston & Bird LLP
Name
55 Second Street
Suite 2100
San Francisco, CA 94105

Contact phone  415-243-1000
Contact email  Chaka.patterson@alston.com

Where should payments to the creditor be sent? (if different)

Name _____

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                              Proof of Claim                              page 1


EXHIBIT D

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
| 7. How much is the claim? | $ 1220482.39<br>**Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Services Rendered |
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410      Proof of Claim      page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. Check all that apply: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    8/1/2024
                    MM / DD / YYYY

/s/ Chaka M. Patterson
Signature

Print the name of the person who is completing and signing this claim:

Name        Chaka M. Patterson
            First name    Middle name    Last name
Title       Partner
Company     Alston & Bird, LLP
            Identify the corporate servicer as the company if the authorized agent is a servicer
Address     55 Second Street, Suite 2100
            Number   Street
            San Francisco, CA 94105
            City   State   ZIP Code
Contact phone    415-243-1000    Email    Chaka.patterson@alston.com

## ATTACHMENT TO PROOF OF CLAIM

1. Alston & Bird LLP (the "Claimant") hereby files this proof of claim (the "Proof of Claim") in the chapter 13 case of Sabrina Shafer (the "Debtor").

2. Claimant files this Proof of Claim to assert a claim of not less than $1,220,482.39 arising from legal services provided by Claimant to the Debtor. Attached hereto as Schedule 1 is a schedule reflecting the (i) date, (ii) invoice number, and (iii) amounts owing to the Claimant.

3. To the extent that any portion of the Proof of Claim is contingent as to the Debtor's liability and the occurrence of future events, Claimant hereby asserts a contingent claim on account thereof and the Proof of Claim is filed as a contingent claim to the extent thereof.

4. The total amount of the Proof of Claim, as ultimately determined, is in addition to, and not exclusive of, any post-petition interest payable to Claimant thereon to the extent allowable under title 11 of the United States Code or otherwise determined to be payable on account of allowed claims in the Debtor's chapter 13 case and Claimant hereby reserves all rights, claims and arguments relating to payment of post-petition interest (if any) payable on the Proof of Claim.

5. Claimant reserves the right to amend or supplement this Proof of Claim, including, without limitation, the right to: (i) add documents; (ii) assert indemnity, contribution, or similar rights, claims or defenses; or (iii) change priority and fix, increase or amend in respect the amounts and claims referred to herein. Claimant further reserves the right to file additional proofs of claim for additional claims, including, without limitation, claims for administrative expenses, indemnification and reimbursement claims that may exist or that may arise under any applicable agreement or law, and all other claims under applicable documents, at law or in equity. Claimant reserves the right to amend or supplement this Proof of Claim if it deems it necessary and appropriate, for any reason, including to add costs or expenses that have been

incurred but not yet billed or that are allowable under any applicable documents at law, equity or otherwise. Claimant further reserves any right to recoupment and setoff, and, if appropriate may exercise such rights without further order of the Court and without amending this Proof of Claim.

6. Claimant does not waive any rights or defenses at law or equity or any rights, defenses or causes of action that Claimant has or may have against any person, including but not limited to Debtor. This Proof of Claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) an admission as to the jurisdiction of this Court or a waiver to contest the jurisdiction of this Court; (iv) a waiver of the right to trial by jury in this Court or any other court in any proceeding, notwithstanding the designation or not of any matter as a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (v) waiver of the contractual right to arbitration to the extent provided by applicable agreements; (vi) a release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after a de novo review by a United States District Court judge; (vii) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in these cases against or otherwise involving Claimant; (viii) a waiver or limitation of any rights, remedies, claims, defenses or interests of Claimant including, for the avoidance of doubt, a release of Claimant's rights against any other entity or person liable for all or any part of the claims asserted herein, or (ix) a waiver of any rights, remedies, claims, defenses or interests of Claimant.

7. All notices and communications concerning this Proof of Claim should be addressed as follows:

>Alston & Bird LLP
>Chaka Patterson
>55 Second Street, Suite 2100
>San Francisco, California
>chaka.patterson@alston.com

## Schedule I

| Bill Date | Invoice No. | Amount |
|---|---|---|
| 04/08/2024 | 11511539 | $348,876.00 |
| 06/11/2024 | 11530599 | $865,216.64 |
| 06/11/2024 | 1530600 | $540.00 |
| 07/03/2024 | 11538358 | $69.75 |
| 07/03/2024 | 1538359 | $5,780.00 |
|  | Total | $1,220,482.39 |