**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| In re: Sabrina Shafer,<br><br>  Debtor. | Chapter 13<br><br>Case No. 24-07714<br><br>Honorable Deborah L. Thorne |

**CREDITOR ALSTON & BIRD'S OBJECTION UNDER LOCAL RULE 9013-1(F) TO SKYLINE'S MOTION UNDER RULES 2004 AND 9014 (DKT NO. 44)**

Creditor Alston & Bird LLP ("Alston") submits this Objection to Skyline Advanced Technology Services' ("Skyline") Motion to "Obtain Discovery, Including an Examination, from Alston & Bird LLP" Under Rules 2004 and 9014 filed December 9, 2024 (Dkt. 44) ("the Motion").

**I. INTRODUCTION**

While Local Rule 9013-1(F) does not require that an objection to a motion state a reason for the objection, creditor Alston objects to the Motion and provides brief reasoning below to request that the Court grant a briefing schedule so that the Motion may be fully briefed before this Court. There is on-going litigation between Skyline and Sabrina Shafer (the "Debtor" or "Ms. Shafer") in the United States Court of Appeals for the Ninth Circuit. That appeal is fully briefed with argument expected in March 2025, according to correspondence Skyline and Ms. Shafer received from the Clerk of Court for the Ninth Circuit. If the Ninth Circuit reverses and remands the litigation to the Northern District of California, Skyline and Ms. Shafer will remain in on-going, active litigation. Accordingly, the Motion appears to be an attempt by Skyline to invade the attorney-client privilege and work-product doctrine between Alston and Ms. Shafer to gain an advantage in the on-going litigation in California.

Furthermore, the Motion contains egregious material misrepresentations. For those reasons, Alston respectfully requests that the Court (i) enter and continue the hearing scheduled for

December 18, 2024, and (ii) grant a briefing schedule by which Alston may file a Responsive Brief to the Motion by December 23, 2024. The Undersigned met and conferred with counsel for Skyline regarding this objection on December 16, 2024. The Undersigned requested counsel for Skyline to withdraw the motion and correct the misrepresentations. Counsel refused and instead invited Alston to serve a Rule 9011 motion on him to review. While Alston determines whether to accept counsel's invitation, because Skyline's Motion is in the public record, below Alston identifies the improper service and corrects the most egregious of the material misrepresentations made by counsel for Skyline.

## II. **SERVICE WAS IMPROPER**

As an initial matter, Alston & Bird did not receive proper service of the Motion. Alston received practical service of the Motion via email from Bankruptcy counsel for Ms. Shafer on Friday, December 13, 2024, at 12:27pm CT. Skyline filed the Motion on December 9, 2024, and served it via First Class mail on Richard Hays, the Chairman of Alston, who is in Atlanta, GA. This service was both improper and unnecessary.

Service of the Motion on Richard Hays was improper because Federal Rule of Bankruptcy Procedure 9013 requires service of all motions, as does Local Rule 9013-1(D). Part 1, Section 3 of Alston & Bird's Proof of Claim, attached to the Motion as Exhibit D, has a section entitled "Where should notices and payments to the creditor be sent?" *See* Motion (Dkt. 44), Exhibit D; *see also* Dkt., Claim 8. Precisely because Mr. Hays is Chairman of a billion-dollar, 1000+ lawyer firm, in response to the question posed by Part 1, Section 3, Alston provided Mr. Patterson's name, physical mailing address, telephone number, and email address. *Id.* Nevertheless, counsel for Skyline apparently chose to ignore this information, rendering service improper under both the Federal Rules of Bankruptcy Procedure and Rules 5(b)(2)(E) and (F) of the Federal Rules of Civil Procedure.

Service of the Motion on Mr. Hays was also unnecessary. Counsel for Skyline could have contacted Mr. Patterson and simply asked Mr. Patterson to accept service. Mr. Patterson, if extended that professional courtesy, would have accepted service.

Per this Court's authority under Rule 9007 of the Federal Rules of Bankruptcy Procedure, Alston respectfully requests that this Court enter an order requiring Skyline to serve all notices related to Alston going forward on Mr. Patterson.

### III. SKYLINE'S MISREPRESENTATIONS

Even more egregious, Skyline materially misrepresents the underlying facts associated with the attorneys' fees Ms. Shafer incurred to defend herself against Skyline's aggressive litigation tactics.

First, Skyline misrepresents the total amount it sought in recovery from Ms. Shafer in the Skyline Litigation. In the Motion, Skyline states that "the maximum exposure that the Debtor faced from the Skyline Litigation was approximately $750,000." Motion (Dkt. 44), ¶16. Skyline goes further and states that, "[f]or Skyline's claims the maximum amount of compensatory damages recoverable in the Skyline Litigation under applicable law was $745,061.53," and that "this was the amount Skyline sought in 2021 as part of its summary judgment motion and the amount Skyline demanded for compensatory was never more than that after 2021." Motion (Dkt. 44), ¶9. What Skyline fails to mention to this Court is that, in its Findings of Fact and Conclusions of Law, submitted to the Northern District of California on December 1, 2023 (*after 2021*), Skyline requested damages in the amount of $815,061.53, and argued that it was also entitled to punitive damages of $815,061.53, an amount equal to the actual damages allegedly suffered by Skyline. This alone placed Ms. Shafer's exposure **north of $1.63 Million**, not including the pre- and post-judgment interest Skyline eventually requested (for which Skyline relied upon its original Prayer for Relief in its Complaint where Skyline requested "such other and further relief as the Court may deem proper."). *See* Motion, Ex. A, p. 9. Indeed, Skyline mentions in the Motion that "an Alston invoice for 'Post-Trial and Appeal' dated April 8, 2024, for $348,876.00 provides that it covers services and costs from February 7, 2024 to March 30, 2024" (*see* Motion, ¶8), without alerting this Court to the fact that Skyline filed a Rule 59(E) motion, post-trial, in which it requested an ***additional $467,853.17*** in pre-judgment interest as well as daily interest accruals on top of that.

Moreover, the foregoing description of Skyline's factual misrepresentations does not even touch on the court-imposed delays nor Skyline's well-documented and aggressive litigation tactics that drove up Ms. Shafer's defense costs.

Finally, Skyline misrepresents the law in the Motion. Skyline relies on a number of cases to support its assertion that it is entitled to a Rule 2004 examination, when those cases do not stand for the notion that a fellow creditor is entitled to such an examination *on these facts*; namely attempting to examine the law firm representing the debtor in on-going litigation outside of bankruptcy proceedings. To the contrary, cases cited by Skyline stand for the notion that such an examination may be allowed to determine whether wrongdoing **by the debtor**, not a fellow creditor, has occurred.[1]

Given the significance of Skyline's misrepresentations, and the volume of relevant facts at play, Alston respectfully requests a briefing schedule so that this Court may be fully briefed before deciding the Motion.

## IV. CONCLUSION

Because of the foregoing, Alston objects to the Motion and respectfully requests that this Court (i) enter and continue the hearing scheduled for December 18, 2024, and (ii) grant a briefing schedule by which Alston may file a Responsive Brief to the Motion by December 23, 2024.

---

[1] It is also worth noting that, since filing bankruptcy, attorneys' fees incurred by Alston on behalf of Ms. Shafer have been approved by this Court. (Dkt. 28).

| | |
|---|---|
| Dated: December 16, 2024 | **RESPECTFULLY SUBMITTED,** |
| | BY: _/s/ Leib M. Lerner_ |
| | LEIB M. LERNER |
| | California State Bar No. 227323 |
| | **ALSTON & BIRD LLP** |
| | 350 South Grand Avenue, 51st Floor |
| | Los Angeles, California 90071 |
| | Telephone: (213) 576-1000 |
| | Facsimile: (213) 576-1100 |
| | Email: leib.lerner@alston.com |
| | *Pro Hac Vice Application to be filed* |
| | |
| | CHAKA M. PATTERSON |
| | Illinois State Bar No. 6225810 |
| | **ALSTON & BIRD LLP** |
| | 55 Second Street, Suite 2100 |
| | San Francisco, CA 94105 |
| | Telephone: (415) 243-1000 |
| | Facsimile: (415) 243-1001 |
| | Email: chaka.patterson@alston.com |
| | |
| | *Attorneys for* Alston & Bird LLP |

# CERTIFICATE OF SERVICE

I certify that I served a copy of this Objection on each entity shown below via the Court's CM/ECF electronic filing system on December 16, 2024.

*/s/Leib M. Lerner*
LIEB M. LERNER

**Acting U.S. Trustee**
Adam Brief
Office of the U.S. Trustee, Region 11

**Trustee**
Marilyn O. Marshall
courtdocs@chi13.com

**Counsel for Sabrina Shafer**
Justin R. Storer
Law Office of William J. Factor
105 W. Madison, Ste. 2300
Chicago, IL 60602
jstorer@wfactorlaw.com

**Counsel for Skyline**
David A. Newby
1001 Warrenville Rd., Ste 500
Lisle, IL 60532
dnewby@momkus.com