Form G-3 (20241101)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION          DIVISION

| | | |
|---|---|---|
| In re: Sabrina Shafer | ) | Chapter 13 |
| | ) | |
| | ) | No. 24-07714 |
| | ) | |
| Debtor(s) | ) | Judge Deborah L. Thorne |

## NOTICE OF MOTION

TO: See attached list

      PLEASE TAKE NOTICE that on January 15, 2025, at 9:30 a.m., I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, **either** in courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 **or** electronically as described below, and present the motion of Creditor Alston & Bird LLP [to/for] Sur-Reply, a copy of which is attached.

      **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

      **To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

      **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

      **Meeting ID and passcode.** The meeting ID for this hearing is 160 9362 1728, and the passcode is N/A. The meeting ID and passcode can also be found on the judge's page on the court's web site.

      **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

      By: s/ CHAKA M. PATTERSON

      CHAKA M. PATTERSON
      Illinois State Bar No. 6225810
      ALSTON & BIRD LLP
      55 Second Street, Suite 2100
      San Francisco, CA 94105
      Telephone: (415) 243-1000

# CERTIFICATE OF SERVICE

I, Chaka M. Patterson ,

☒ an attorney, certify

- or -

☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on January 8, 2025 , at _____ p.m.   *

                               s/Chaka M. Patterson
                               [Signature]

*All applicable boxes must be checked and all blanks filled in.

I served a copy of this Notice on each entity shown below via the Court's CM/ECF electronic filing system on January 8, 2025.

Acting U.S. Trustee
Adam Brief
Office of the U.S. Trustee, Region 11

Trustee
Marilyn O. Marshall
courtdocs@chi13.com

Counsel for Sabrina Shafer
Justin R. Storer
Law Office of William J. Factor
105 W. Madison, Ste. 2300
Chicago, IL 60602
jstorer@wfactorlaw.com

Counsel for Skyline
David A. Newby
1001 Warrenville Rd., Ste 500
Lisle, IL 60532
dnewby@momkus.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: Sabrina Shafer,<br><br>　　　　　Debtor. | Chapter 13<br><br>Case No. 24-07714<br><br>Honorable Deborah L. Thorne<br><br>January 15, 2025<br>9:30am CT<br>Courtroom 682 |

**CREDITOR ALSTON & BIRD'S MOTION AND SUR-REPLY TO SKYLINE'S REPLY**

  Creditor Alston & Bird LLP ("Alston") submits this Motion for Sur-Reply to Skyline Advanced Technology Services' ("Skyline") Reply (Dkt. 48, "Reply") to Alston's Objection (Dkt. 46) to Skyline's Motion to "Obtain Discovery, Including an Examination, from Alston & Bird LLP" Under Rules 2004 and 9014 filed December 9, 2024 (Dkt. 44) ("the Motion").

**I. INTRODUCTION**

  Because the local rules of the Bankruptcy Court and those of the Northern District of Illinois are silent regarding parties filing sur-replies (*see Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590 (7th Cir. 2017)), the Seventh Circuit commits whether to allow a sur-reply to the trial court's sound discretion. *Johnny Blastoff, Inc. v. L.A. Rams*, 188 F.3d 427, 439 (7th Cir. 1999) (leaving the approval of sur-replies to the district courts' discretion). The purpose of a sur-reply is not to give a party the final word but to protect "the aggrieved party's right to be heard and provide[] the court with the information necessary to make an informed decision." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005). Alston respectfully requests this Court to exercise its discretion in favor of granting Alston's motion for a sur-reply because Skyline, in its Reply (Dkt. 48), has again made material misrepresentations and omissions of law and fact that this Sur-Reply addresses to provide this Court with information necessary to make an informed decision on Skyline's Rule 2004 Motion (Dkt. 44). This Court should exercise its discretion and deny Skyline's Rule 2004 Motion.

## II. SKYLINE MISSTATED THE APPLICABLE LAW BY OMISSION

Skyline omitted the fact that the allowance of a Rule 2004 examination rests wholly within the sound discretion of the trial court. *See In re Onatah Farms, LLC*, No. 21-10091, 2021 Bankr. LEXIS 1785, at 2-3 (N.D. Ind. Apr. 29, 2021) (collecting cases) ("[W]hether or not the court allows the [Rule 2004] examination is a matter committed to its discretion . . .") (citing *Motor Coach Indus. v. Drewes (In re Rosenberg)*, 303 B.R. 172, 175 (B.A.P 8th Cir. 2004)); *see also*, Norton Bankruptcy Rules, 2011-12 ed., Rule 2004, cm. (c), pp. 142-43 (Creditors do not have an absolute right to conduct examinations under rule 2004 "which provides that the court 'may order' an examination."). The movant must show sufficient cause before the court will grant a Rule 2004 examination. *Onatah Farms, LLC*, 2021 Bankr. LEXIS 1785, at *2-3. In *Onatah*, like in the case before this Court, a creditor bank filed a motion seeking the court's permission to conduct a Rule 2004 examination of one of the debtors. The motion not only asked the court to grant permission for the creditor bank to conduct the examination but also for the court to approve a subpoena requiring the debtor to appear in the offices of movant's counsel on a particular date and time and to produce documents. In denying the Rule 2004 examination, the *Onatah* court first explained the appropriate use of a Rule 2004 examination:

> Rule 2004 examinations are not a substitute for discovery authorized in adversary proceedings or contested matters. . . . Neither are they vehicles by which parties can attempt to do a substantial portion of their discovery before initiating litigation. Instead, particularly in situations like this when a creditor is seeking the examination, Rule 2004 may properly be used in order to determine whether there are sufficient grounds to commence an action…but, once the movant has that much information any further inquiries should take place in the context of discovery after litigation has been commenced.

*Id.*, at *3-4 (internal citations omitted). The court rejected the creditor's stated reason for seeking the Rule 2004 examination, explaining that "[t]he motion's allegations that representations made raise serious questions about Debtors' farming operations and right to a discharge also suggest that movant already has the information it needs to make an informed decision whether or not to initiate litigation. If so, resort to Rule 2004 is unnecessary and inappropriate." *Id.* at *5. Like in *Onatah*, Skyline argues that it needs a Rule 2004 examination because the September 12, 2022 engagement letter between Alston and Ms. Shafer contained a fee cap for the trial unless circumstances changed. Reply, pp. 4-5. According to Skyline, the engagement letter "loudly begs the question of how and why circumstances changed…If that disclosure does not warrant

examination of a creditor's claim by a competing creditor, it is difficult to conceive of a more justified request." *Id*. Skyline's outrage about the engagement letter, like the creditor in *Onatah*, demonstrates that Skyline has all the information it needs---engagement letters and invoices---to make an informed decision whether or not to initiate litigation and/or to file a claim objection. Accordingly, like in *Onatah*, resort to a Rule 2004 examination is unnecessary and inappropriate.

Next, Skyline failed to demonstrate any precedent providing for a Rule 2004 examination of counsel to the debtor in ongoing litigation that is pending outside of the bankruptcy process. That Skyline has not cited any cases in support of its position is not surprising. In fact, as one court put it "[i]n general, the Court believes that, for ethical considerations, there is something repugnant in requiring an attorney to submit to a Rule 2004 examination, *especially when debtor's counsel is the sought-after target*." *In re French*, 145 B.R. 991, 993 (Bankr. D. S.D. 1992) (emphasis added). The *French* court continued, "[a]llowing debtor's counsel to be subject to this rule is simply going too far, is contrary to the Rules of Professional Conduct, and would quickly erode attorney-client relationships." *Id*.

### III. SKYLINE'S FEIGNED CONFUSION IS NOTHING MORE THAN AN ATTEMPT TO INVADE THE ATTORNEY-CLIENT PRIVILEGE

Skyline feigned confusion over how circumstances related to the ongoing litigation[1] between Skyline and Ms. Shafer could have changed such that the original fixed fee arrangement was revisited and revised. *See* Reply, pp. 4-5. As Skyline notes, the Engagement Letter was dated September 12, 2022. *Id.* As can be seen in the docket sheet for the district court case attached hereto as Exhibit A – circumstances to which Skyline was a party – following September 12, 2022, the district court made several unilateral scheduling decisions that impacted the cost of representation. *See, e.g.,* Ex. A, pp. 17-23, Dkt. Entries 104, 106, 107, 108, 110, 111, 112, 114, 117, 118, 119, 120, 121, 122, 127, 128, 130, 131.

---

[1] Skyline knew and also omitted from its Reply that oral argument in the appeal between Skyline and Shafer before the Ninth Circuit is scheduled for March 3, 2025. *See* https://www.ca9.uscourts.gov/calendar/panel_sittings/903043.html (Notice issued December 22, 2024).

IV. **SKYLINE FALSELY CLAIMS THAT ALSTON SEEKS TO PROTECT BILLING AND FEE INFORMATION**

Skyline cites boilerplate attorney-client privilege law while omitting the law central to this Court's decision – all while falsely claiming that Alston seeks to protect billing and fee information. Reply, pp. 6-7. Contrary to Skyline's misleading arguments, the legal advice provided to Ms. Shafer as reflected in the invoices and engagement letters is protected from disclosure. Underscoring this Court's remarks at the December 18, 2004 hearing, the Seventh Circuit has held that "billing sheets or time tickets which indicate the nature of documents prepared, issues researched or matters discussed could reveal the substance of confidential discussions between attorney and client." *In Witnesses before the Special Mar. 1980 Grand Jury*, 729 F.2d 489, 495 (7th Cir. 1984). The Seventh Circuit further cited with approval *In re Grand Jury Witness (Salas)*, 695 F.2d 359, 362 (9th Cir.1982), which held that the attorney-client privilege protects "correspondence between attorney and client which reveals the client's motivation for creation of the relationship or possible litigation strategy," as well as "bills, ledgers, statements, time records and the like which also reveal the nature of the services provided." *Id*.

Notably, Skyline cites to *Coyle v. Coyle* for the proposition that "attorney fee information is not privileged confidential communication" (*see* Reply, p. 7); however, *Coyle v. Coyle says just the opposite*. The court in *Coyle* explicitly states that "[b]illing records are subject to the privilege to the extent such records disclose confidential communications including a client's motivation for seeking advice." *Coyle v. Coyle*, 538 B.R. 753, 762 (Bankr. C.D. Ill. 2015) (citing *In re Witnesses Before The Special Mar. 1980 Grand Jury*, 729 F.2d at 495). The *Coyle* court also noted, consistent with this Court, that "an *in camera* review should be requested to prevent confidential information from being disclosed or the records produced should be redacted to protect the privileged information." *Coyle,* 538 B.R. at 762. Skyline similarly cites to *In re Word of Faith Fellowship* for its proposition that "attorney fee information is not privileged confidential communication" (*see* Reply, p. 7); however *In re Word of Faith Fellowship* explicitly states that "[a]ttorneys' billing statements may be privileged, however, if they contain information as to motivation for seeking legal advice…" *In re Word of Faith Fellowship*, No. 95B24148, 1996

Bankr. LEXIS 579, at *9 (Bankr. N.D. Ill. May 14, 1996) (Squires, J.) (citing *Stopka v. All. of Am. Insurers*, 1996 U.S. Dist. LEXIS 5466, at *17-18 (N.D. Ill. Apr. 25, 1996)).

## V. SKYLINE IS ATTEMPTING TO HARRASS ALSTON AND GAIN AN UNFAIR ADVANTAGE IN THE SKYLINE-SHAFER LITIGATION

The foregoing law and facts make clear that Skyline is trying improperly to use a Rule 2004 examination of Alston to harass the firm and to gain an unfair tactical advantage in the ongoing Skyline-Shafer litigation.[2]

Indeed, at the December 18, 2024 hearing on the Motion, Skyline insisted on issuing a subpoena to Alston even after Alston agreed to produce redacted invoices. *See* December 18, 2024, Hearing Transcript (Exhibit B), 16:18-17:10. This Court recognized that Alston was willing to voluntarily "turn over [Alston's] invoices in a redacted form," noting to Skyline that a subpoena did not appear necessary, even questioning why Skyline would need a subpoena. Ex. B, 16:18-17:6. While Skyline complains in its Reply of the heavily redacted engagement letter provided by Alston to Skyline that same day, Skyline fails to mention to this Court that Alston also provided all of its invoices in redacted form that day to Skyline. To be clear, this Court requested that (1) Alston provide its invoices in redacted form to Skyline by December 20, 2024 (*see* Ex. B, 17:11-24), and (2) Skyline file a response explaining what else is needed beyond what Alston has provided. *See* Ex. B, 18:3-7 ("COURT: Then, Mr. Newby, you have a chance to review those. If – and you can file a response to the objection to the 2004. But in that, I would certainly want to know what's the other stuff you need to look at this claim. MR. NEWBY: Understood."). Alston has complied – Skyline has not. That is, Alston provided Skyline with the redacted invoices and engagement letters as requested by this Court, and Skyline has failed to provide any explanation as to why Skyline needs more information or what additional information Skyline needs, in violation of this Court's request.

It is well settled that Rule 2004 cannot be used to harass a litigant nor can it be used to gain a tactical advantage in other litigation pending between the parties. *See, e.g., In re 3 Kings Constr. Residential LLC*, No. 22-10965-PMB, 2024 Bankr. LEXIS 1169, at *4-5 (Bankr. N.D. Ga. May 17, 2024); *see also In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y.

---

[2] *See, e.g., In re Enron Corp.*, 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002) (courts can invoke the pending proceeding rule "where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee."

2019) (Rule 2004 examinations should not be used to obtain information for use in an unrelated case or proceedings pending before another tribunal.); *see also In re GYPC, Inc.*, No. 17-31030, 2020 Bankr. LEXIS 1848, at *11 (S.D. Ohio June 24, 2020).

Courts have continuously denied motions for Rule 2004 examinations to protect against precisely what Skyline seeks to inappropriately achieve. Skyline continues to insist on serving a subpoena on Alston even after Alston voluntarily supplied the invoices and engagement letters to Skyline. Skyline continues to insist on a Rule 2004 examination where it knows that such an examination will invade the attorney-client privilege and work product protections and unfairly advantage Skyline in the ongoing Skyline-Shafer litigation. Skyline continues to insist on a Rule 2004 examination when this Court has provided a viable alternative path forward: mediation wherein Alston will provide unredacted invoices and engagement letters to a mediator pursuant to Federal Rule of Evidence 408 in a good-faith effort to try to resolve a dispute between creditors without additional court intervention. *See* Ex. B, 7:25-9:3 ("THE COURT: …why don't we just do this, do a claim objection whenever that's appropriate? … Certainly a creditor or the debtor can object to a claim saying there's not sufficient information. … once there is a claim objection, and I think this is where this belongs, that one of my colleagues, either here in Chicago or elsewhere could perhaps mediate, and they could look at it *in camera*, so to speak.").

## VI. CONCLUSION

Alston has already provided Skyline all the information it requires to determine whether it has a legitimate basis for objecting to Alston's claim. Alston welcomes mediation wherein it will voluntarily disclose unredacted invoices and engagement letters for *in camera* review by a mediator, should such mediation become necessary. Mediation allows the creditors to move forward in a good-faith effort to resolve the dispute between them, protects Alston from harassment, prevents Skyline from gaining any tactical advantage in the ongoing Skyline-Shafer litigation, and avoids wasting this Court's resources. Alston respectfully requests that this Court deny Skyline's Motion.

Dated: January 8, 2025　　　　　　　　**RESPECTFULLY SUBMITTED,**

BY: _/s/ Chaka M. Patterson_
CHAKA M. PATTERSON
Illinois State Bar No. 6225810
**ALSTON & BIRD LLP**
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
Email: chaka.patterson@alston.com

LEIB M. LERNER
California State Bar No. 227323
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Email: leib.lerner@alston.com
*Pro Hac Vice*

*Attorneys for* Alston & Bird LLP

## CERTIFICATE OF SERVICE

I certify that I served a copy of this Motion on each entity shown below via the Court's CM/ECF electronic filing system on January 8, 2025.

*/s/Chaka M. Patterson*
CHAKA M. PATTERSON

**Acting U.S. Trustee**
Adam Brief
Office of the U.S. Trustee, Region 11

**Trustee**
Marilyn O. Marshall
courtdocs@chi13.com

**Counsel for Sabrina Shafer**
Justin R. Storer
Law Office of William J. Factor
105 W. Madison, Ste. 2300
Chicago, IL 60602
jstorer@wfactorlaw.com

**Counsel for Skyline**
David A. Newby
1001 Warrenville Rd., Ste 500
Lisle, IL 60532
dnewby@momkus.com