# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT

NORTHERN _____ District of ILLINOIS _____

In re Sabrina Shafer _____
                    Debtor

Case No. 24-07714

*(Complete if issued in an adversary proceeding)*

Chapter 13

_____
             Plaintiff

v.

Adv. Proc. No. _____

_____
            Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **SABRINA SHAFER**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ATTACHED DOCUMENT RIDER**

| PLACE | DATE AND TIME |
|---|---|
| Momkus LLP, 1001 Warrenville Rd., Ste. 500, Lisle, IL 60532 | Aug. 23, 2024, 9:30 a.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/05/2024

               CLERK OF COURT

                                      OR

_____        [signature]
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Skyline Advanced _____, who issues or requests this subpoena, are: David A. Newby, Esq., Momkus LLP 1001 Warrenville Rd., Ste. 500, Lisle, IL 60532

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: Attorney Justin Storer at jstorer@wfactorlaw.com
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 40.00 .

My fees are $ 40.00 for travel and $ _____ for services, for a total of $ 40.00 .

I declare under penalty of perjury that this information is true and correct.

Date: 08/05/2024

*Server's signature*

Lisa Holub - Paralegal
*Printed name and title*

1001 Warrenville Rd., Ste. 500, Lisle, IL 60532
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in an Adversary Proceeding) (Page 3)

Case 24-07714   Doc 55-1   Filed 01/28/25   Entered 01/28/25 16:21:32   Desc Exhibit
Page 4 of 12

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
 (i) is a party or a party's officer; or
 (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
 (i) fails to allow a reasonable time to comply;
 (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
 (i) disclosing a trade secret or other confidential research, development, or commercial information; or
 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 (i) expressly make the claim; and
 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court -- may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# DOCUMENT RIDER TO SUBPOENAS TO SHAFER AND RELATED ENTITIES

## Instructions and Definitions

A. Documents are to be produced in their native format, inclusive of metadata on electronically stored information.

B. Documents are to be produced in the order kept in the ordinary course of the Debtor's financial affairs and labeled as to the items requested in this document rider. Documents include but are not limited to email messages, text messages and other digital or electronic communications of any kind or nature.

C. The term "Skyline" means Skyline Advanced Technology Services.

D. The term "Firm" means each of the lawyers individually and their respective law firms that represented the Debtor in her litigation with Skyline, including but not limited to Alston & Bird, LLP, Turner Boyd Seraphine LLP, and Carlton Odim. "Firms" means collectively, all such lawyers and their respective law firms.

E. The term "BA" means Breaking Autism, Inc.

F. The term "TC" means Transformation Continuum LLC.

## Documents to be Produced

1. Each fee agreement or engagement agreement between each Firm and Debtor for legal services to be performed by such Firm for Debtor in connection with litigation with Skyline.

2. Each engagement agreement between each Firm and Debtor pursuant to which Debtor agreed to pay for legal services provided by such Firm for any person connected to the litigation with Skyline, whether as a party, a witness or any other capacity.

3. Each engagement agreement or fee agreement between Debtor and Magna Trial Graphix and all invoices received by Debtor from Magna Trial Graphix.

4. All invoices received by Debtor from the Firms for legal services rendered and costs advanced on Debtor's behalf or for Debtor's benefit or for which Debtor agreed to pay, from the inception of each such Firm's representation of Debtor or provision of legal services in connection with the Skyline litigation, to the present.

5. All communications between Debtor and Rich Wonders, or his authorized legal counsel, concerning or relating to Debtor's agreement to pay for legal fees for legal services provided for the representation of Rich Wonders in connection with Debtor's litigation with Skyline.

1

6. All correspondence sent by Debtor to or received by Debtor from any Firm that relates to the invoicing, payment, or non-payment of the Firm's invoices for services rendered to Debtor or for Debtor's benefits or costs advanced on Debtor's behalf in connection with litigation with Skyline.

7. All documents evidencing any and all payments made by Debtor to the Firms for legal services provided to or for the benefit of Debtor in connection with the Skyline litigation.

8. The general ledger and copies of all bank statements for the period January 1, 2023 to May 23, 2024, for any bank account established or maintained by BA.

9. The general ledger and copies of all bank statements for the period February 1, 2020 to May 23, 2024, for any bank account established or maintained by TC.

10. Debtor's bank statements for all bank accounts in her name (whether her current name or any previous name used by her) or to which she had access for the period January 1, 2020 to August 1, 2024.

11. The Debtor's, BA's and TC's federal and state tax returns for 2022 and 2023.

12. All documents, including correspondence, exchanged between Debtor and Rick Snyder, including loan documents, security agreements, promissory notes and similar evidence of the extension of credit by Rick Snyder to Debtor.

13. The closing statement, real estate sale contract, and all other documents related to the sale of Debtor's residence located at 1146 Pine Oaks Circle, Lake Forest, and Illinois in or about 2022.

14. The currently operative and all prior operating agreements for TC.

15. All documents describing the organization, capitalization and issuance of equity to members by TC.

16. All documents evidencing payments or distributions from TC to any member from February 2020 to May 23, 2024.

17. All documents describing any profit-sharing or compensation arrangement between TC and Debtor of any member of TC and Debtor or all of the foregoing.

18. The articles of incorporation, by-laws, and minutes of BA for the period January 1, 2020 to May 23, 2024.

19. Debtor's current residential lease for the premises Debtor occupies as her personal residence.

20. The documents evidencing the creation and funding of the SEP 401(k) plan at Fidelity as identified in the Debtor's Schedule A/B at ¶ 21.

21. The documents evidencing the creation and funding of the IRA at William Blair as identified in Debtor's Schedule A/B at ¶ 21.

22. All documents evidencing amounts paid to Debtor from TC from January 1, 2022 to August 1, 2024.

23. All documents provided by TC and Debtor to Wells Fargo Bank Small Business Lending Division in connection any application for credit by either or both of them to be extended by Wells Fargo Bank to TC or Debtor or both.

24. All documents supporting or refuting Debtor's calculation of her current and foreseeable disposable income sufficient to support her Chapter 13 plan as currently proposed.

# EXHIBIT 2

| | |
|---|---|
| **From:** | David Newby <dnewby@momkus.com> |
| **Sent:** | Tuesday, December 31, 2024 3:13 PM |
| **To:** | Justin Storer |
| **Cc:** | Cynthia Bednarski |
| **Subject:** | RE: Shafer; 12465.240389 |

Apologies – I pressed "send" too quickly.

The same request applies for unredacted or a privilege log-supported production of the engagement letters that you've produced.



*David A. Newby*
**Partner**
**Momkus LLP**
1001 Warrenville Road, Suite 500
Lisle, IL 60532
Direct: (630) 541-1292
Office: (630) 434-0400  ext. 130
Fax: (630) 434-0444
dnewby@momkus.com
www.momkus.com
*Continuing the legacy of Momkus McCluskey LLC*

Please be advised that this e-mail and any files with it are confidential attorney-client communication or may otherwise be privileged or confidential, and are intended solely for the individual or entity to whom they are addressed.  If you are not the intended recipient, please do not read, copy or retransmit this communication but delete it immediately.  Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

**From:** David Newby
**Sent:** Tuesday, December 31, 2024 3:09 PM
**To:** Justin Storer <jstorer@wfactorlaw.com>
**Cc:** Cynthia Bednarski <cbednarski@momkus.com>
**Subject:** RE: Shafer; 12465.240389

Yes, we are requesting that the financial information (bank statements, financial reports, etc.) for TC be produced in their entireties, without any redactions.  There can be no attorney/client privilege that would support the redactions and to the extent there is some sort of trade secret protection needed, we are willing to enter into a protective order.  I don't believe that my client and TC compete, but regardless we are willing to restrict our usage to this case.

The A&B invoices were heavily redacted for attorney/client privilege.  We believe that those redactions are excessive, but it is – quite obviously – difficult to tell because of the redactions.  Please produce a privilege log for each redacted portion of the invoices, setting forth a general description of what was omitted and how it would fit into the rather narrow parameters of a confidential communication entitled to the privilege.  (Recall that one of the redacted passages

in Mr. Patterson's time entries consisted of one word [or very few characters – impossible to tell]). It is difficult to imagine a confidential communication consisting of one word.

I look forward to hearing from you later this week.



## David A. Newby

**Partner**
**Momkus LLP**
1001 Warrenville Road, Suite 500
Lisle, IL 60532
Direct: (630) 541-1292
Office: (630) 434-0400 ext. 130
Fax: (630) 434-0444
dnewby@momkus.com
www.momkus.com
*Continuing the legacy of Momkus McCluskey LLC*

Please be advised that this e-mail and any files with it are confidential attorney-client communication or may otherwise be privileged or confidential, and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but delete it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Justin Storer <jstorer@wfactorlaw.com>
**Sent:** Thursday, December 26, 2024 6:52 PM
**To:** David Newby <dnewby@momkus.com>
**Subject:** RE: Shafer

David:

I'm continuing to follow-up on the explanation – I just don't have authority to send it to you yet, but I was out of the office as you were aware – but I feel like it's a reach to say that A&B is failing to adequately explain its representation to Ms. Shafer when you haven't even seen what I haven't forwarded you yet.

I don't have any movement in our settlement offer. We've made a couple; it's your client's turn.

An Odim engagement agreement attached. The tenor of the email sending this to me suggests that it's the only one that exists. I take responsibility for this inadvertently not having been forwarded earlier.

And let me make sure I'm clear on your position on the bank statements and financials. When you say "unredacted bank statements and TC financials that should have been provided already" are you indicating that the unredacted bank statements should have been provided already (when you have the redacted bank statements), and unredacted TC financials should have been provided already (when you have the redacted financial information)? Just please make sure that I understand what you think you're missing. We'd discussed your providing a synthesized email to me about everything you believe is outstanding, I'd (still) like to take you up on that.

I would finally disagree with the characterization about whether Sabrina's failure to produce the flat fee engagement letter is astounding, but not everything needs to be belabored.

j.

**From:** David Newby <dnewby@momkus.com>
**Sent:** Thursday, December 26, 2024 4:57 PM
**To:** Justin Storer <jstorer@wfactorlaw.com>
**Subject:** RE: Shafer

Justin, we have several open issues – including the subject of your email of 12/23/24.
1.      Will you be producing the "extensive explanation" and when?  If Sabrina "wouldn't know more" than what's in the explanation, that calls into question A&B's professional conduct.  In other words, the client should (must) be informed and agree to the details of the attorney's engagement.
2.      Chaka began his approach to me by saying that the parties were in the midst of negotiating a resolution.  If you have a new, more reasonable offer that I have not seen yet, please send it along.
3.      You said you'd be producing the Odim engagement letter back in October.  Please produce that document.
4.      More broadly, we are still owed unredacted bank statements and TC financials that should have been provided already.  This process is becoming tiresome and it needs to be resolved.  The onus for objecting to the reasonableness of the subpoena was on your client.  She hasn't objected formally.  While she has produced some documents, they were incomplete (including the omission, astoundingly, of the flat fee engagement letter).  We intend to file a motion for a rule to show cause for contempt, but would defer that for a bit if we can get some voluntary cooperation.



*David A. Newby*
**Partner**
**Momkus LLP**
1001 Warrenville Road, Suite 500
Lisle, IL 60532
Direct: (630) 541-1292
Office: (630) 434-0400  ext. 130
Fax: (630) 434-0444
dnewby@momkus.com
www.momkus.com
*Continuing the legacy of Momkus McCluskey LLC*

Please be advised that this e-mail and any files with it are confidential attorney-client communication or may otherwise be privileged or confidential, and are intended solely for the individual or entity to whom they are addressed.  If you are not the intended recipient, please do not read, copy or retransmit this communication but delete it immediately.  Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Justin Storer <jstorer@wfactorlaw.com>
**Sent:** Monday, December 23, 2024 3:31 PM
**To:** David Newby <dnewby@momkus.com>
**Subject:** Re: Shafer

David, I'm out of the office until the 26th.

After I saw the other engagement agreement that Chaka forwarded (i.e., with the $100k "cap," etc.) I reached out to Chaka and he provided me an extensive explanation. I'll strongly counsel Sabrina to let me forward that to you as-is. I don't think Sabrina or I would know more than that.

j.
Sent from my iPhone

On Dec 23, 2024, at 2:39 PM, David Newby <dnewby@momkus.com> wrote:

Justin, following up.  We should address this.  Are you available early this evening?

<image001.png>

*David A. Newby*

**Partner**
**Momkus LLP**
1001 Warrenville Road, Suite 500
Lisle, IL 60532
Direct: (630) 541-1292
Office: (630) 434-0400  ext. 130
Fax: (630) 434-0444
dnewby@momkus.com
www.momkus.com
*Continuing the legacy of Momkus McCluskey LLC*

Please be advised that this e-mail and any files with it are confidential attorney-client communication or may otherwise be privileged or confidential, and are intended solely for the individual or entity to whom they are addressed.  If you are not the intended recipient, please do not read, copy or retransmit this communication but delete it immediately.  Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

**From:** David Newby
**Sent:** Thursday, December 19, 2024 4:04 PM
**To:** Justin Storer (jstorer@wfactorlaw.com) <jstorer@wfactorlaw.com>
**Subject:** Shafer

Justin, I believe that we should chat about this case.  Attached is a document that we received from Mr. Patterson that has raised some issues.  You and Bill were copied on his email.  I thought it would make our call more productive if you had it handy.  I'm around for a bit this afternoon and all day tomorrow.  Please give me a call.

<image001.png>

*David A. Newby*

**Partner**
**Momkus LLP**
1001 Warrenville Road, Suite 500
Lisle, IL 60532
Direct: (630) 541-1292
Office: (630) 434-0400  ext. 130
Fax: (630) 434-0444
dnewby@momkus.com
www.momkus.com
*Continuing the legacy of Momkus McCluskey LLC*

Please be advised that this e-mail and any files with it are confidential attorney-client communication or may otherwise be privileged or confidential, and are intended solely for the individual or entity to whom they are addressed.  If you are not the intended recipient, please do not read, copy or retransmit this communication but delete it immediately.  Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.