# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Sabrina Shafer, | Bankruptcy No. 24-07714 |
| Debtor. | Honorable Deborah L. Thorne |

## NOTICE OF MOTION

**To:** See attached list.

**Please take notice** that, on **Wednesday, February 19, 2025, at 11:00 a.m.**, I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, **either** in courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, **or** electronically as described below, and present the **Joint Motion for for Approval of Settlement, Filing of Agreement Under Seal and Shortened Notice**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and passcode.** The meeting ID for this hearing is **160 9362 1728**, and there is no passcode. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: February 18, 2025                                    **Sabrina Shafer**

                                                                                    By: /s/ *William J. Factor*
                                                                                    One of Her Attorneys

William J. Factor (6205675)
Justin R. Storer (6293889)
Alex J. Whitt (6315835)
**FACTORLAW**
105 W. Madison, Suite 2300
Chicago, IL 60602
Tel:　(312) 878-0969
Fax:　(847) 574-8233
Email: awhitt@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, William J. Factor,

☒ an attorney, certify

—or—

☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on February 18, 2025.

/s/ William J. Factor

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| **Adam Brief** | Ustpregion11.es.ecf@usdoj.gov |
| **William J Factor** | wfactor@wfactorlaw.com; wfactorlaw@gmail.com; bsass@wfactorlaw.com; wfactor@ecf.courtdrive.com; wfactormyecfmail@gmail.com; factorwr43923@notify.bestcase.com |
| **Leib M Lerner** | leib.lerner@alston.com |
| **Marilyn O Marshall** | courtdocs@chi13.com |
| **David A. Newby** | dnewby@momkus.com; cbednarski@momkus.com |
| **Chaka M. Patterson** | chaka.patterson@alston.com |
| **Justin R. Storer** | jstorer@wfactorlaw.com; bsass@wfactorlaw.com; jstorer@ecf.courtdrive.com |
| **Alex J Whitt** | awhitt@wfactorlaw.com; bsass@wfactorlaw.com; awhitt@ecf.courtdrive.com |

**IN THE UNITED STATES BANKRUPTCY COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| Sabrina Shafer, | Bankruptcy No. 24-07714 |
| Debtor. | Honorable Deborah L. Thorne |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT,
FILING OF AGREEMENT UNDER SEAL AND SHORTENED NOTICE**

Based on §§ 105, 107 and 363 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*, the "**Bankruptcy Code**") and Fed. R. Bankr. P. 6004, 9018 and 9019, Sabrina Shafer ("**Ms. Shafer**" or the "**Debtor**") and Skyline Advanced Technology Services ("**Skyline**" and, along with the Debtor, "**Movants**") jointly request the entry of an Order substantially in the form of that appended hereto (the "**Approval Order**") (a) granting Movants whatever authority is required to execute and consummate a settlement that will resolve Skyline's claims against the Debtor and provide global releases between the parties, (b) authorizing the filing under seal of the settlement agreement between the parties, (c) concluding that notice of this motion is proper under the circumstances, and (d) waiving the 14-day stay of Bankruptcy Rule 6004. In support of such relief, Movants state as follows.

**BACKGROUND.**

1.  Ms. Shafer filed this Chapter 13 case on May 23, 2024 (the "**Petition Date**"), primarily to address the $745,061.53 judgment (the "**Skyline Judgment**") she owes to Skyline after a trial before the United States District Court for the Northern District of California (the "**California Court**"). Ms. Shafer and Skyline

have been litigating their disputes since 2018, after Ms. Shafer's employment with Skyline ended.

2. Ms. Shafer appealed the Skyline Judgment to the United States Court of Appeals (the "**Ninth Circuit**") for the Ninth Circuit (the "**Shafer Appeal**"). The Ninth Circuit consolidated the Shafer Appeal with Skyline's appeal of the California Court's order denying Skyline's request for pre-judgment interest (the "**Skyline Appeal**" and the Shafer Appeal are the "**Ninth Circuit Appeals**").

3. Oral argument for the Ninth Circuit Appeals is scheduled to occur on March 3, 2025, although it is possible the case may be taken without oral argument. As a precaution, Shafer and Skyline have determined that substantial resources are required to prepare for this next phase of the Ninth Circuit Appeals. Although they have been preparing generally, the extent of the preparatory activity will need to increase exponentially this week; the date for the scheduled oral argument is fast approaching. Consistent with that schedule, on July 17, 2024, this Court entered an order authorizing Ms. Shafer to pay Alston & Bird a $125,000 retainer, and last week the Court entered an Order authorizing her to pay an additional $50,000 retainer, to represent her interests in the Ninth Circuit Appeals.

4. There is a chance the Ninth Circuit could remand the Skyline Judgment to the California Court for a new trial or other relief. Similarly, there is a chance the Ninth Circuit could reverse the California Court's denial of Skyline's request for pre-judgment interest, in which case Skyline's ultimate claim against the bankruptcy

estate could increase by more than $467,853.17.[1] (Its proof of claim 7-1, filed on July 30, 2024, does presently include this figure.)

5. This Chapter 13 proceeding has become another venue where Ms. Shafer and Skyline are litigating their disputes. Among other things, Skyline served Rule 2004 discovery on Ms. Shafer and her counsel at Alston & Bird, seeking information Skyline considers relevant to various issues in this case, including the allowance of Alston & Bird's fee claim of $1,220,482.39.

6. On February 5, 2025, Ms. Shafer also moved for a protective order to limit the Rule 2004 discovery requested by Skyline related to two companies Ms. Shafer owns: Breaking Autism and Transformation Continuum. The Court directed the Parties to make further efforts to resolve this dispute and set a hearing for February 19, 2025, so they could report on those efforts.

7. The Debtor and Skyline realize that fully litigating their disputes, including this Chapter 13 case, requires considerable time, money, and resources, including the Court's.

8. Due, in part, to the Court's recent admonitions regarding the resources allocated to this case, counsel for Skyline and the Debtor began negotiating strategies for narrowing the gap between their respective clients' positions. Over the past week, those negotiations resulted in the Parties having come to an agreement in principle

---

[1] Skyline's February 2024, motion to amend the Skyline Judgment, requested prejudgment interest at 10% per annum of $467,853.17, for total damages of $1,212,914.70.

and the subsequent exchanges of multiple drafts of a confidential settlement agreement (the "**Settlement**") designed to enable Ms. Shafer and Skyline to end their litigation on terms that each finds acceptable and to put this dispute behind them. Reaching an agreement on the specific settlement terms has been complicated by Ms. Shafer's critical desire to maintain the confidentiality of the Settlement.

9.  Movants have delineated in this motion the general terms of the Settlement, but not the consideration paid to Skyline or other specific provisions. A copy of the Settlement Agreement (the "**Settlement Agreement**") also is not appended to this Joint Motion, nor will it be served on creditors. These measures have been implemented because the Settlement terms require confidentiality and because the entry of an order authorizing the filing of the Settlement Agreement under seal is a condition to the effectiveness of the Settlement.

10. Importantly, the Settlement resolves Skyline's Judgment of $745,061.53, requires dismissal of the Ninth Circuit Appeals, releases all claims between Skyline and the Debtor and imposes mutual non disparagement provisions. Once approved, the Settlement will end the litigation between the Parties that has been ongoing since 2018.

11. Movants believe the Court can and should enter the Approval Order; doing so is a condition precedent to the effectiveness of the Settlement and the delivery of the settlement consideration to Skyline. The Debtor is confident the Settlement best serves the interests of all creditors. Among other reasons, resolving the Debtor's dispute with Skyline — which was the impetus for filing this case — may

allow Ms. Shafer to dismiss this case. That will then permit creditors to pursue their rights against the Debtor to the fullest extent permitted. Alston & Bird, which has asserted the largest claim, also favors approval of the Settlement.

## THE COURT SHOULD ENTER THE APPROVAL ORDER

12. As a threshold matter, the Debtor recognizes that some caselaw holds that a Chapter 13 debtor may not need court approval under Rule 9019 solely to enter into a settlement. *See In re Revels,* 616 B.R. 675, 681 (Bankr. E.D.N.C. 2020) (noting that "Case law applying Bankruptcy Rule 9019 to chapter 13 cases is sparse" but concluding that "a chapter 13 debtor is not required to file a motion to approve settlement or compromise under Rule 9019 . . ."). *Accord In re Williams,* 631 B.R. 398, 400, 2021 WL 4061104 (Bankr. D.S.C. 2021).

13. In this instance, however, the Debtor submits that because the Settlement contemplates the use of estate property – consideration to be transferred to Skyline and a releases of claims – Rule 9019 is an appropriate vehicle to evaluate the propriety of the settlement. A debtor in chapter 13 has the right and power of a trustee to use, sell, or lease estate property. 11 U.S.C. §§ 1303, 363(b).

14. Moreover, if the Court determines that Bankruptcy Rule 9019 does guide the approval of the Settlement, the Movants believe that under applicable caselaw the Settlement should be approved. Fed. R. Bankr. P. 9019. "A bankruptcy court may approve a settlement agreement only if it is in the best interest of the bankruptcy estate." *In re Holly Marine Towing, Inc.,* 669 F.3d 796, 801 (7th Cir. 2012). "The linchpin of the 'best interests of the estate' test is a comparison of the

value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007) (citing *In re Energy Coop.*, 886 F.2d 921, 927 (7th Cir. 1989)). "Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, 'including the possibility that disapproving the settlement will cause wasting of assets.'" *Id.* (quoting *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987)).

15. "As part of this test, the value of the settlement must be reasonably equivalent to the value of the claims surrendered. This reasonable equivalence standard is met if the settlement falls within the reasonable range of possible litigation outcomes. Because litigation outcomes cannot be predicted with mathematical precision, only if a settlement falls below the low end of possible litigation outcomes will it fail the reasonable equivalence standard." *Id.* (citations omitted); accord *In re Telesphere Commc'ns, Inc.*, 179 B. R. 544, 554 (Bankr. N.D. Ill. 1994). This determination should be weighed in favor of settlement, and a challenged settlement will fail the test only if it falls below the lowest point in the range of reasonableness. *Telesphere*, 179 B.R. at 553.

16. Here, the Settlement meets the above-cited standards for judicial approval and aligns with the public policy considerations favoring settlements generally.

17. The benefits of the Settlement to the Bankruptcy Estate include:

  a. The Settlement resolves litigation that would otherwise have burdened the Debtor, the bankruptcy estate, and judicial resources in this Court, the Ninth Circuit, and potentially the California Court.

  b. The Settlement will result either in the dismissal of this case or a more streamlined and expedited Chapter 13 confirmation process. Skyline objected to the Debtor's plan and is seeking discovery related to the Alston & Bird claim. Absent the Settlement, resolving these matters in this Court and through potential appeals could take years.

  c. Only a portion of the settlement consideration paid to Skyline originates from estate property; the balance is from third parties. The Debtor thus believes the Settlement will enhance the dividend to the remaining creditors under her proposed Chapter 13 plan.

  d. The Settlement obviates the Debtor's need to spend an additional $50,000 (if not more) in fees related to the Ninth Circuit Appeals. Moreover, consensually resolving the dispute between Skyline and the Debtor avoids an equal, if not greater, amount of fees that would have to be paid before the claims of unsecured creditors.

### **THE COURT SHOULD AUTHORIZE THE FILING OF THE SETTLEMENT AGREEMENT UNDER SEAL**

18. The Settlement is conditioned on the Court entering an order authorizing the subject agreement to be filed under seal. Accordingly, Movants

request the entry of an order authorizing such relief and believe there is good cause for such relief.

19. Pursuant to 11 U.S.C. § 107(b)(2), the Bankruptcy Court may enter an order to "protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title. 11 U.S.C. § 107(b)(2). Accord Fed. R. Bank. P. 9018(a)(2) (bankruptcy court can issue "any order that justice requires to . . . protect an entity from scandalous or defamatory matter in any document filed in a bankruptcy case[.]"). *See also Matter of Sherman-Noyes & Prairie Apartments Real Estate Inv. P'ship.,* 59 B.R. 905, 909 (Bankr. N.D. Ill. 1986) ("B.R. 9018 provides the procedure for invoking the court's power under 11 U.S.C. § 107. A motion under Rule 9018 is addressed to the sound discretion of the court.").

20. Case law interpreting § 107 of the Bankruptcy Code and Bankruptcy Rule 9018 instructs that the Bankruptcy Court should consider the following factors (the "**Hemple Factors**") in deciding whether to allow the Settlement Agreement to be filed under seal: (1) the necessity of the settlement to the viability of the bankruptcy case; (2) whether the confidentiality provision is truly essential to the settlement, i.e., whether the settlement would be withdrawn if the confidential provision were not honored; (3) whether the creditors have been notified of the request for approval of the settlement without disclosure of the amount or terms of settlement, and, if so, whether any objection was interposed; (4) if there has been an objection to the request to file the agreement under seal, whether the objection demonstrates harm to the public's need to know; (5) whether the creditors will clearly

benefit from the settlement notwithstanding a lack of access to the specific terms of that settlement; (6) whether the debtor will suffer irreparable harm if the settlement agreement is not filed under seal; (7) whether the parties would be able to keep the terms of the settlement confidential in the absence of a bankruptcy filing; (8) whose interests are being protected by allowing the filing of the settlement agreement under seal and whether there is any negative impact either on the estate or in the treatment of other interested parties in the case; (9) what is the likelihood of other parties actually obtaining the details of the agreement if it is not filed under seal; (10) whether the document needs to be kept under seal permanently or some shorter time period could suffice[.]" *In re Hemple*, 295 B.R. 200, 202 (Bankr. D. Vt. 2003).

21. Consideration of the Hemple Factors in light of the circumstances of this case supports the filing of the Settlement Agreement under seal: With respect to the first and fifth Hemple Factors, the settlement is important to the bankruptcy case; creditors will clearly benefit from the settlement. As discussed *supra,* a meaningful portion of the funds Skyline will receive originate from third parties and will not deplete the bankruptcy estate. The Settlement also will result either in the dismissal of this case outright, or an expedited Chapter 13 process. Furthermore, the Settlement will reduce the legal fees incurred by the Debtor's counsel and that too will inure to the benefit of unsecured creditors.

22. Regarding the second and seventh Hemple factors, an agreement to seek confidential treatment from this Court is a material and essential term of the Settlement Agreement, without which the settlement would not be achieved. Further,

filing the Agreement under seal is a material term of the Settlement and without it the Debtor and her creditors will suffer harm.

23. The third Hemple Factor also cuts in favor of granting the requested relief. Creditors will receive a copy of this motion, which identifies the general terms of the Settlement, without disclosing the amount of the settlement payment to Skyline.

24. Finally, Movants submit that the Settlement best balances the Debtor's desire to put the dispute with Skyline behind her and the interests of her creditors. As noted elsewhere, Skyline and Alston & Bird hold approximately 95% of the claims against the Debtor's bankruptcy estate, and each agrees the Court should enter an order authorizing the Settlement Agreement to be filed under seal.

## **REQUEST FOR SHORTENED NOTICE AND RULE 6004 STAY WAIVER**

25. Bankruptcy Rule 2002(a) ordinarily requires 21 days' notice of a hearing on a request to settle or to use estate property out of the ordinary course. Fed, R, Bank. P. 2002. However, under Bankruptcy Rule 9006(c)(1), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bank. P. 9006.

26. Here, cause exists to shorten the notice period. As explained above, the Ninth Circuit Appeals have been scheduled for oral arguments in two weeks. As a precaution, the Parties have started preparing for the oral presentation of their positions. Such efforts will accelerate substantially this week and next week, at considerable expense.

27.  To avoid the substantial fees and expenses that the Parties will incur over the next two weeks, they request a prompt consideration of the relief requested in this Joint Motion. Prompt consideration also will allow the Parties to advise the Ninth Circuit that the litigation has been resolved, which also may limit any preparation that Tribunal might otherwise perform.

28.  Bankruptcy Rule 6004(h) provides that "[u]nless the court orders otherwise, an order authorizing the use, sale, or lease of property (other than cash collateral) is stayed for 14 days after the order is entered." Fed. R. Bank. P. 6004(h). If Rule 6004(h) applies to the implementation of the Settlement, Movants request that the Court waive the 14-day stay of enforcement.

WHEREFORE, for all of the foregoing reasons, Sabrina Shafer and Skyline Advanced Technology Services jointly request that the Court enter an order in the form of that appended hereto which (a) approves the Settlement, (b) approves the filing of the Settlement Agreement under seal, (c) deems the notice of the Joint Motion sufficient under the circumstances and waives any 14-day stay of execution under Rule 6004, and (d) grants such other and further relief as is proper.

Dated: February 18, 2025           Respectfully submitted,

**SABRINA SHAFER**

By: */s William J. Factor*
One of Her Attorneys

William J. Factor (6205675)
Justin Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 2300
Chicago, IL 60602
Tel: (312) 878-6976
Fax: (847) 574-8233
Email:wfactor@wfactorlaw.com
       jstorer@wfactorlaw.com

Skyline Advanced Technology Services

By: /s/ David Newby
One of Its Attorneys

David A. Newby
MOMKUS LLP
1001 Warrenville Road, Suite 500
Lisle, IL 60532
Direct: (630) 541-1292
Fax: (630) 434-0444
dnewby@momkus.com